No. 13,925.

STATE EX REL. WILLIAM D. ALVERSON VS. HON. WALTER B. SOMMER-VILLE, JUDGE.

(AT CHAMBERS).

### SYLLABUS.

1. Where a litigant is charged with contempt, for disregard or violation of an order of court, to justify his conviction and sentence, it should be shown that the order was served upon him personally, or that he had actual knowledge of it.

2. Until a court has acquired jurisdiction of the subject-matter and parties liti-

gant by the filing of a suit for separation from bed and board, or for divorce, the husband cannot be in contempt of an order made upon a petition, thereafter filed, awarding the custody of a minor child to the wife. Nor does the information, imparted to him by the legal adviser of his wife, that such a suit would be brought impose any obligation upon him with respect either to the custody of the child or to his own personal movements. He should not, therefore, be punished for contempt for taking possession of his child before the filing of the suit, nor upon the charge that he concealed himself to avoid an order upon that subject, unless it be shown that he knew that such an order had been made.

3. Where, however, the husband, in such a case, is brought into court on a rule to show cause why he should not surrender the custody of the child or be punished for contempt, and it appears that the order awarding such custody is then served on him, the matter is entirely within the jurisdiction of the district court, and if the defendant makes no complaint in his pleadings that he has been denied a fair hearing, and the proceedings appear to be regular, this court will not interfere, by prohibition or *certiorari,* with the findings of the district court.

APPLICATION for Writs of *Certiorari* and Prohibition.

*Bernard B. Howard* and *Arthur B. Leopold* for Relator.

*Frank B. Thomas* for Respondent.

## STATEMENT OF THE CASE.

The opinion of the court was delivered by

MONROE, J. The relator having been adjudged guilty of contempt of the District Court, and committed to prison for ten days, applies for relief by means of writs of *certiorari* and prohibition. An order was made directing the defendant to show cause why the writ of prohibition should not issue, as prayed for, and to forward a copy of the proceedings in which the judgment complained of had been rendered; and the order so made has been complied with.

The petition, return, record and proceedings present the following case for our consideration.

Upon March 18th, relator, having called at the office of his wife's legal adviser, was informed that an action for divorce would be brought against him on behalf of his wife. On March 20th, following, he called at the residence of his wife's sister, where his wife was staying, and, in her absence, carried away their minor child, a little boy about two and a half years old. Later, upon the same day, a petition for divorce was filed on behalf of the wife, and the respondent judge made an order

thereon authorizing the petitioner to prosecute the suit, assigning her a domicile, and awarding her the custody of said minor child.

Two·days thereafter, upon March 22nd, a supplemental petition was filed which reads, in part, as follows, to-wit:

"Petitioner further shows that her said husband, W. D. Alverson, was fully aware of her intention to bring this suit, and that, at a time when she had left her residence, he forcibly took and carried off the child, W. D. Alverson, Jr., knowing that this suit would be brought within a few hours, and that petitioner would be given the custody of her said child. That her said husband, for the purpose of avoiding citation and copy of petition and other process which may issue herein, has been hiding and has concealed himself and the said child, W. D. Alverson, Jr., so as to prevent the petitioner from having the custody of said child. That petitioner verily believes, and so charges, that her said husband, W. D. Alverson, will refuse to give her the said child, notwithstanding this Honorable Court has ordered that petitioner should be given the custody of said child.

"Petitioner further represents that the said W. D. Alverson's conduct, in hiding and keeping from petitioner the said child, is in contempt of the order of this Honorable Court. Petitioner alleges that she has been informed, and she so charges, that her said husband has removed the said child from the jurisdiction of.this Honorable Court, and will, himself, leave the jurisdiction of the court to prevent the service of the process against him, regarding the custody of said child, and thus avoid the orders of this court. That it is necessary that the said W. D. Alverson should be attached and held by the sheriff of this court. Wherefore petitioner prays that the said W. D. Alverson be served with a copy of this supplemental and amended petition, and that he be ordered to show cause, on Friday, March 22nd, 1901, at 11 A. M., if any he has, why he should not deliver into the custody of the petitioner the said child, W. D. Alverson, Jr., or be punished for contempt of this Honorable Court; and, to insure his attendance before this court, that the sheriff of this court do attach his body and produce him before this court at the time above named."

This petition is verified by the affidavit of the counsel for the petitioner, who swears to the best of his knowledge and belief; and the following order is endorsed thereon, to-wit:

"Let this supplemental petition be filed, and a copy thereof be served

upon W. D. Alverson, who is ordered to show cause on Tuesday, March 22, 1901, at 11 o'clock A. M., why he should not deliver to petitioner the child, W. D. Alverson, Jr., or be punished for contempt of court, and let the sheriff of this court attach the body of said W. D. Alverson and produce him in this court at the hour above named. New Orleans, March 22, 1901.

(Signed)   W. B. SOMMERVILLE,<br>
                    "<i>Judge.</i>"

This supplemental petition and order were served on the relator and he was "attached," and brought into court, practically, *instunter*. He, thereupon, excepted, that the rule for contempt disclosed no cause of action, and the exception having been overruled, he answered, denying that he was in contempt, or that he had been hiding to avoid service, and averring that he was absent from the State when the suit was filed, and had returned of his own volition. Thereupon certain testimony was taken showing the facts which have been stated, and showing that relator had removed the child from the State before any process had been served upon him. And the counsel upon both sides then announced that the rule was submitted. Thereafter, however, the counsel for the plaintiff stated: "I want to ask Mr. Alverson whether or not he declines to return the child to the custody of the plaintiff?", to which it was objected, that the rule had been submitted, but the objection was overruled, and the court, then, interrogated the witness, as follows, to-wit:

"Q.—Mr. Alverson, where is that child now?

"A.   I don't know.

"Q.   Who does know?

"A.   I don't know.

"Q.   Do you intend to comply with the order of the court, and give the child to the custody of the mother?

"A.   I don't know.

"Q.   You don't know?

"A.   No.

(By the Court).

"I will give you ten days in the parish prison to reflect."

And the relator was, thereupon, committed to the parish prison by virtue of an order couched in the following language, to-wit:

"*To the Civil Sheriff of the Parish of Orleans—*

"Whereas, after due hearing, William David Alverson has been adjudged guilty of contempt of the orders of this court for refusing to obey same and has therefor been condemned to be incarcerated in the parish prison for the period of ten days.

"You are commanded in the name of the State of Louisiana and of the Civil District Court for the Parish of Orleans to take in your custody the body of the said William David Alverson and to deliver him to the criminal sheriff of the Parish of Orleans to be incarcerated in said parish prison for the period of ten days."

The complaint which the relator makes of these proceedings is, substantially, as follows, to-wit:

That the rule for contempt was served upon him before the order which he was charged with disregarding was served, and that it is alleged that the acts complained of were committed before the filing of the suit.

That he was not in contempt for having removed his child, as there were no proceedings at that time, and no process had been served upon him.

That the court *a qua* exceeded its powers when it compelled him to take the stand and testify against himself, and that the course pursued was in violation of his constitutional and legal rights.

That the judgment and commitment are null for the reason that the same do not conform to the law. "That the commitment is nothing but a judgment on the rule, and the certified copy thereof is all that the criminal sheriff has for his authority in the retention of relator. That the civil sheriff of the Parish of Orleans is ordered to take relator into custody and to deliver him into the charge of the criminal sheriff of the Parish of Orleans, and there is no law or warrant for any judge to commit him into the custody of one officer to be by him turned over to the custody of another official."

To this, the respondent for answer and return, says, in substance:

That relator was served with a copy of the original petition for divorce, with the order thereon awarding the custody of the child to his wife, on March 22nd, 1901, whilst he was in the custody of the sheriff, and before the contempt proceeding was taken up; that he, in open court, refused to deliver said child to its mother in accordance with said order, and was regularly and properly adjudged to be in contempt of the court over which respondent presides.

Respondent then recites the pleadings and facts of the case as they have been stated, and avers that no other objection to the contempt proceedings was made by the relator save as contained in the exception and answer filed by him.

Respondent further avers, that it was shown that the relator was informed that a suit for divorce would shortly be filed against him by his wife, and that he knew that the law would give her the custody of the child, but that, nevertheless, he forcibly removed said child, about an hour before the filing of said suit, and before the making of the order awarding such custody and that "it is presumed that he knew said order had been granted and, in so carrying away said child and retaining the custody thereof, after such custody had been given to the mother, he was in contempt of court."

Respondent further avers that relator was not ordered to testify, but took the stand at the request of the plaintiff's counsel, to whose interrogatories he offered no objection or protest, and that he was not compelled to answer any question, the answering of which would have made him liable for a criminal prosecution.

That the judges of the Supreme and District Courts have power to punish all contempt of their authority, by fine, not exceeding fifty dollars, and imprisonment, not exceeding ten days, and may order the arrest and imprisonment of parties, and that relator, being legally before the court over which respondent presides, and in contempt of its orders, was properly subject to punishment which was imposed in strict accordance with law.

## OPINION.

It will be seen that the supplemental petition alleges that the relator knew that the petitioner was about to file a suit against him for divorce; that he also knew that she would be given the custody of the child; and that, in order to defeat that result, he concealed himself to avoid service of process, and forcibly carried the child away; and, as petitioner believes, will refuse to surrender it, notwithstanding the order of court awarding its custody to her. And this conduct, she alleges, constitutes a contempt of court.

If the sentence complained of had no other basis than the conduct with which the relator is thus charged it could not be sustained. Ordinarily, knowledge of the order of court alleged to have been violated must be shown by proof of a personal service of such order

upon the party charged. (Enc. of Pl. and Pr., Vol. 4, pp. 777, 792). Though, no doubt, actual knowledge of such order may render such service unnecessary. (*Ib.* 777). We know of no case, however, in which a party has been found guilty of contempt for disregarding an order not issued, nor yet, for disregarding an order of which it is not shown that he had knowledge.

In the matter of the obligation of a particular individual to obey a particular order of a particular court, such court is not seized of jurisdiction either *ratione personae* or *ratione materiae* until a suit of some sort is instituted by virtue of which it acquires the right to make the order. Unless, therefore, and until, the relator's wife had actually instituted her suit against him for divorce, the order made by the respondent with respect to the custody of the child would have been mere *brutem fulmen.* From which it follows, that, up to the moment of the filing of such suit, and of action by the court, in the exercise of jurisdiction, which, it, thus for the first time, acquired, the relator was at liberty to assume that no such order existed, and to govern himself accordingly. And, having done that which he had the legal right to do, he was not put in the wrong by the subsequent making of the order, to which no *ex post facto* application or effect can be given.

It follows, likewise, that, as the information imparted by his wife's legal adviser imposed no obligation upon the relator with respect to the control of the child, so it imposed none with respect to his own personal movements, and hence, that, upon the face of the papers, he was not in contempt of the authority of the District Court with respect to either matter, up to the moment of his arrest and of the service upon him of the supplemental petition, charging him with such contempt.

But the supplemental petition contains something more than a charge of contempt, previously committed. It recites the fact that an order had been made awarding the petitioner the custody of the child, and alleges that the relator had concealed himself to avoid being served therewith and to prevent said order from being carried into effect. Moreover, a copy of the original petition, with the order thereon, was served on the relator, and he was required to show cause "why he should not deliver into the custody of the petitioner the said child, W. D. Alverson, Jr., or be punished for contempt," etc.

It is true that the notice was somewhat short, and it may be said that the relator was placed at some disadvantage by reason of his

arrest, but he makes no complaint of that in his pleadings, which are directed entirely to the charge of contempt, previously committed, and which, as to that charge, are well grounded. To the demand made upon him to deliver the child into the custody of the person to whom the court had awarded that custody, he made no answer in his pleadings, but, otherwise, he gave the court to understand that he would not comply. Here, then, is a case in which a suit had been filed; in which the defendant had been served; in which the jurisdiction of the court over the persons and the subject matter is unquestionable; and in which a competent order was made, and the defendant was ruled to show cause whether he would obey it or not, and his only pleadings are, an exception of no cause of action, and an answer denying that he had previously committed a contempt of court.

We find in the record an affidavit by the counsel for relator in which he states that the return of the judge *a quo* is incomplete in this "that upon the sentence of the defendant in the lower court to ten days imprisonment for contempt, counsel for defendant requested the court, then and there, to know if the court was imposing the imprisonment for the refusal to answer satisfactorily the question of the court, "Do you intend to comply with the (order of) court and give the child to the custody of the mother," and the court thereupon replied "The rule is made absolute," but that the court declines to make this interchange of remarks a part of the return."

We do not perceive in what way the case would be altered if the request of the counsel had been complied with. It is fair to assume that the judge attached some importance to the answer of the relator or he, probably, would not have asked the question to which it purported to be a reply.

The punishment inflicted in this case is remedial, rather than punitive, in character, and is intended, by securing obedience to an order of the court, to secure a civil right to one of the litigants in a pending civil suit. If the relator questions the correctness of the order, and could show that he, or his child, would sustain irreparable injury thereby, the case would be one for an appeal, but, as the court is acting clearly within its jurisdiction, the relief here sought can not be granted.

State *ex rel.* Brown vs. Judge, 35 Ann. 1194; State *ex rel.* O'Malley vs. Judge, 35 Ann. 1195; State *ex rel.* Barthet vs. Judge, 40 Ann. 434; State *ex rel.* Kiernan & Walters vs. Judge, 41 Ann. 315; State *ex rel.*

Wells vs. Judge, 42 Ann. 1079; State *ex rel.* Phelps & Baker vs. Judge, 45 Ann. 1265. There is no merit in the complaint that the relator was compelled to testify, or in the criticism upon the form of the commitment. The preliminary orders herein made are rescinded, and the relator's application is denied at his cost.