## No. 11,576.

STATE EX REL. OTTO H. SCHOENHAUSEN VS. FRED. D. KING, JUDGE OF THE CIVIL DISTRICT COURT, DIVISION B.

The law—Code of Practice, Art. 308—means by punishment for contempt, punishment for the offence at the outset, to prevent its repetition; and punishment afterward for the repetition of the offence.

If the contempt is permitted to endure for a period of days, or weeks, or months, it does not seem consistent with the law to punish for that period of disobedience by as many sentences of ten days' imprisonment as there are days, or weeks, or hours in the period. No such theory of the power to punish for contempt can be admitted, under the law.

APPLICATION for writs of *Certiorari* and Prohibition.

---

*Lionel Adams* and *Thomas M. Gill* for Relator.

---

*Lazarus, Moore & Luce* for Respondents.

Submitted on briefs November 12, 1894.
Opinion read April 8, 1895.

The opinion of the court was delivered by

WATKINS, J. The application of relator was presented to *one* of the justices of this court for examination and the allowance of an alternative writ, and upon examination thereof he found substantially the following facts, and we recapitulate them as follows, viz.:

" The petitioner, enjoined from conducting a concert saloon in disregard of the laws and ordinances, kept his saloon open for a period and was thereupon proceeded against for contempt for violating the injunction. At one and the same time eight rules were taken to punish him for contempt, each rule assigning the violation of the injunction on a particular night of the period of the opening. Each rule was made absolute, imposing a penalty of ten days' imprisonment, so that, beginning with the first ten days, the remaining terms of imprisonment were to be inflicted until the petitioner had been confined eighty days. The applications for the writs raise the issue, whether it was competent for the lower court to sentence the petitioner on these eight rules, the sentences all pronounced at the same time, to eighty days' imprisonment. That issue of competency is within the power of this court to review. Constitution, Art. 90; DeBuys' case, 32 An. 1259; State *ex rel.* Sinnott vs. Falls, 32 An. 555; State of Louisiana *ex rel.* McGee, Snowden & Violett vs. Judges, 33 An. 181.

" When the power of the court is invoked to punish for contempt for conducting a saloon contrary to the laws and the injunction of the court, it seems to me, the court is called on to inflict the appropriate penalty not to exceed the maximum of ten days. If it is competent to divide the offence of conducting a saloon in disregard of the law into parts corresponding with the number of nights the saloon has been opened, and thus authorize eight sentences of ten days each pronounced at the same time, on eight different rules, there would be no potency in the law fixing the maximum penalty for contempt at ten days' imprisonment. C. P., Art. 131.

" The same theory of dividing the offence into parts might be extended to the hours of the days of the opening, treating each hour as a distinct offence, and thus sanction an indefinite and prolonged imprisonment, notwithstanding the limitation of ten days in the Code.

It was competent at any time during the period of the opening of the saloon for the plaintiff in injunction to call on the court to inflict the penalty for contempt. The penalty thus inflicted would doubtless have sufficed, and if the offence was repeated the penalty might be again inflicted until the evil was checked.

" This, it seems to me, is the theory of the law authorizing punishment for contempt and for each contempt. The law means punishment for the offence at the outset, to prevent its repetition, and punishment afterward for the repetition. This is expressed in Art. 308 of the Code of Practice. See also The State *ex rel.* New Orleans Water Works Company *et al.* vs. Isaac Levy *et al.*, 36 An. 941, 945. If the contempt is permitted to endure for a period of days or weeks or months, it does not seem consistent with the law to punish for that period of disobedience by as many sentences of ten days' imprisonment as there are days, or weeks, or hours in the period. If that were so, then if the plaintiff in injunction had deferred his rules for even a month, the term of imprisonment would have been three hundred days. No such theory of the power to punish for contempt can be admitted, in my opinion. The case to-day is that of a saloon-keeper, but the principle involved would, if allowed, apply to every case of contempt for violation of injunctions, and sanction, in my view, the imposition of penalties never within the purview of the law.

" The case presents the important question of the extent of the power of courts to punish for contempts. The power within the limit prescribed by the Code is absolute. There is no review here, or in any court, save on the question of the jurisdiction to impose the penalty. There is the greater reason for this court, charged with the revision of the issue of jurisdiction, to see that the penalty imposed is within the scope of the law defining and limiting the power to punish for contempt.

\* \* \* \* \* \*. \*

" The penalty of ten days' imprisonment was fully authorized. The defendant has served an imprisonment of ten days. For any further violation of the preliminary or modified injunction, he may be punished as the occasion arises. By this method, the reservation of which will be made in order on relator's application, the injunction can be enforced and the public fully protected against the alleged nuisance.

"Applications of this character to this court are necessarily to a single judge, but come before the full court for final action in November. I have given the subject close attention, and my conclusion is the rule to show cause, and the discharge of the relator in the meantime, should be granted. State *ex rel.* Behan vs. The Judges, 35 An. 1075. If, on full discussion of the question of the power of courts to punish for contempt, the sentences of this defendant are deemed within the law, he will be remanded to serve the residue of the imprisonment. If, as I believe, the sentences are determined to be in excess of the jurisdiction of the lower court, the propriety of this order will be confirmed."

Since the issuance of the foregoing order the respondent judge has made a return—one that is similar in character to the one he filed in the suit of same title, *ante.*, p. 696—and he then further states "that on the (blank) day of June, 1894, some eight rules were taken against the relator charging him with having violated the preliminary and modified injunction issued in the case of James A. Koehl *et al.* vs. O. H. Schoenhausen, No. 40,999, then pending in Division B of the Civil District Court," etc.

He further returns that there was a trial had on those rules and "that a judgment was thereon rendered," and "that in pursuance of said finding and judgment (he) committed the relator * * * to jail for a period of ten days for the violation of said modified order of injunction committed on the 19th of June, 1894, and for a subsequent violation on the 20th of June, 1894, for a period of ten days, to commence at the expiration of the first sentence, and so on, your respondent committing the relator for a *term of eighty days* in all, under all of said rules, for violations aforesaid as charged therein."

He further avers "that the violations of the said modified order of injunction, with which the said relator was charged, were distinct and separate violations, and the said Schoenhausen, having so committed distinct, specific and separate violations, your respondent, under Art. 308, C. P., punished the said relator for contempt for each of said violations of the said modified order of injunction."

And he further avers that as there have been no adjudications by the courts of the State of Louisiana as to the interpretation to be placed upon Art. 308 of the Code of Practice; and as under said article * * * he had a right to punish the relator for each violation of

said modified injunction, he was of opinion that it was his duty to so commit relator, and that it was his jurisdiction and right to do so."

He further returns "that while the acts were charged to have been committed on so many different days, that by reason of the nature of the business conducted by relator, his said concert saloon would be open on each day  *  *  *  and that during the opening, and until the close of said establishment, the said relator would violate the said modified order of injunction by conducting his business in violation of the laws of this State, and the ordinances of the city of New Orleans, and so as to create a nuisance; that (he) being of the opinion that he had the jurisdiction and legal right to punish relator for each violation of said modified order, did so punish and commit him."

A careful comparison made between the statement of the foregoing return and that of the alternative order discloses no substantial difference in point of fact; and the court is of opinion that the justice granting the order entertained a proper appreciation of Art. 308 of the Code of Practice.

It provides that "if one against whom an injunction is directed violates the same, or refuses to obey, the court may  *  *  *  punish by imprisonment not exceeding ten days, but which may be repeatedly inflicted until the party obeys the mandate of the court," etc.

As the justice very justly and correctly observed, "if it is competent to divide the offence of conducting a saloon in disregard of the law, into parts corresponding with the number of nights the saloon has been opened, and thus authorize eight sentences of ten days each, pronounced at the same time, on eight different rules, there would be no potency in the law fixing the *maximum* penalty for contempt at ten day's imprisonment.   C. P., Art. 131.

"The same theory of dividing the offence into parts might be extended to the hours of the days of opening, treating each hour as a distinct offence and thus sanction an indefinite and prolonged imprisonment, notwithstanding the limitation of ten days in the Code.

"It was competent at any time during the period of the opening of the saloon for the plaintiff in injunction to call on the court to inflict the penalty for contempt.   The penalty thus inflicted would doubtless have sufficed; and if the offence was repeated the penalty might again be inflicted, until the evil was checked."

45

This, it seems to me, is the theory of the law authorizing punishment for contempt, and for each contempt.

"The law means punishment for the offence at the outset, to prevent its repetition, and punishment, afterward, for the repetition."

This is, in our opinion, a proper case for granting the relief prayed for. State *ex rel.* Behan vs. Judges, 35 An. 1075; State *ex rel.* DeBuys vs. Judges, 32 An. 1257; State *ex rel.* Follet vs. Judge, *Id.* 1182.

It is therefore ordered and decreed that the sentence and decree of the respondent be recognized as legal and valid, in so far only as it inflicted imprisonment for ten days for contempt of the modified order of injunction; and in all other particulars, annulled and vacated.

It is further ordered and decreed that, inasmuch as the record discloses that the relator has already suffered ten days' imprisonment under the decrees of the respondent, he is not liable to any further imprisonment thereunder, and is entitled to his liberty; and it is further ordered and decreed that all the various sentences and decrees of the respondent, except the first one, be vacated and annulled, and the alternative writs be made peremptory and perpetual.