'STATE OF MISSOURI, Respondent, v. HENRY
BROEDER et al., Appellants.

St. Louis Court of Appeals, November 5, 1901.

Criminal Law: BEER INSPECTION: PLEA OF FORMER CONVIC-
TION: STATUTORY CONSTRUCTION. Under the Act of May 4,
1899, each and every sale of a package of beer, not having upon it the
certificate of the inspector that it has been inspected, is a violation
of the statute and in the case at bar, the circuit court rightly denied
the plea of former conviction.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M.
Hughes*, Judge.

REVERSED AND REMANDED *(with directions)*.

*Boyle, Priest & Lehmann, Edw. C. Kehr* and *G. Pitman
Smith* for appellant.

*W. B. M. Cook, Claude R. Ball* and *J. D. Barnett* for
respondent.

BLAND, P. J.—With the exception as to the date of sale
and plea of former conviction (which was found against
the defendant), this case is identical with State v. Broeder,
90 Mo. App. 156. The only question therefore to be
considered is the finding of the circuit court on the plea
of former conviction. It is not claimed that the defend-
ant is twice charged for the identical offense. But it was

stated on the argument by defendant's counsel, and admitted by the prosecuting attorney of Montgomery county, that there are now pending in the circuit court of that county over eighteen hundred informations against the defendant charging him with violations of section ten of the Act of May 4, 1899, all filed on the same day. Appellants contend that the prosecuting attorney can not stand by and allow fines and penalties to accumulate under a penal statute and then bring a number of prosecutions for past offenses at one and the same time. Excessive fines and cruel and unusual punishment are prohibited by the Constitution and some of the courts and judges have shown a disposition to relieve parties from excessive and unusual fines imposed on them at one and the same time for repeated violations of one and the same penal statute. See opinions of Judge FIELD in O'Neil v. Vermont, 144 U. S. 323; Commonwealth v. Robinson, 126 Mass. 356, and State v. Judge, 47 La. Ann. 701. But no such question is before us. Each and every sale of a package of beer, not having upon it the certificate of the inspector that it has been inspected, is a violation of the statute, and the circuit court rightly denied the plea of former conviction.

For error in the circuit court in overruling motion to quash the information, the judgment is reversed and the cause remanded with leave to the prosecuting attorney to amend the information if he is so advised. All concur.