BREAUX, C. J.
Relator was sent to prison by the judge of the district court for 3 days for contempt of court.
He, on behalf of his client, had filed a motion for a continuance. He then called his witnesses and examined three of the number in support of his application for a continuance. I-Ie commenced to examine the fourth witness, when he was interrupted by the district attorney. The court, at that moment, refused to hear any other witness. Relator alleges that he considered the testimony offered important and material in defending his client. The judge did not agree with the attorney in this respect, and. the expression of the judge irritated the attorney.
Relator, in his petition, alleged that in addressing the court he complained and stated to the judge that he was not receiving the treatment extended by the court to other counsel, whereupon that judge committed him to jail for 3 days. The contention on the part of relator isi that the order on the part of the judge was a nullity and in excess of his jurisdiction; that, even if guilty of contempt of court, the court could only sentence him to 24 hours; that the additional number of days imposed grew out of the ill will and enmity of the district judge.
Upon the application of relator, this court issued a temporary order, in order to further inquire into the validity of the order and to review the issues.
The judge of the district court, in his answer to the rule nisi, states that he had sustained the objection of the district attorney, and immediately thereafter the relator lost his temper and walked in the direction of the prosecuting officer, knocked the lamp from the table, and in a violent, offensive, defiant, and insulting manner charged the court, in substance, with favoritism and partiality to other attorneys, and said that when he had a cause he was not justly dealt with.
The court stated in substance that on other occasions the attorney had failed to control his temper, and had made himself overbearing to a degree that a fine had been imposed, which did not result in improving the situation; that he felt it incumbent upon him to impose the sentence, not of 3 days’, as alleged by relator, but of 2 days’, imprisonment. The court disclaims all ill will toward the attorney.
We will here remark: It devolves upon courts to maintain their dignity and authority.
The only question before us for decision is whether the punishment should have been limited to 24 hours.
Article 131 of the Code of Practice provides that courts have the power to punish “con-tempts of their authority” by fine not exceeding $50, and imprisonment not exceeding 10 days. The provisions, as we read the different articles, are against all persons except attorneys at law. Article 132 of the Code of Practice has the effect of limiting the punishment of attorneys by its reference to all special laws upon the statute limiting the fine and the period of imprisonment.
The decisions have generally maintained the differences between the articles of the Code of Practice relating to all contempts and the sections of the Revised Statutes relating to attorneys at law.
*395 Although the decisions are not directly in point, they have pertinent bearing.
In State v. Keene, 11 La. 596, Keene was an attorney at law. He signed the petition in his own name, which contained contemptuous remarks; he was the plaintiff in the case. The court considered that he acted in his individual capacity, and not as an attorney at law. He was fined $50 and imprisoned during 10 days.
In State v. Grailhe, 1 La. Ann. 183, the court held that an attorney at law who pleaded his own cause was not to be regarded as an attorney, but as any one else who might be interested personally in the suit, or who may in any way be guilty of contempt. Grailhe, a prominent attorney at the time, was sentenced to imprisonment for 48 hours in a case in which he appeared as his own counsel. The court held, in these two cases, that, as they appeared personally, they were personally liable, and punished each under the article of the Code of Practice.
It was different with Pierre Soule in State v. Soule, 8 Rob. 501. The eminent attorney appeared as attorney for his clients. The talented orator exhausted his rhetoric in violently protesting against a decision of the court. His utterances were considered entirely inexcusable. The court said:
“We regret very much that one occupying his position, both at the bar and in society, should have set so pernicious an example to the younger members of the profession and to his fellow citizens; and we hope that the example we shall make of him will be a warning to them not to do likewise.”
The foregoing excerpt is inserted here only in support of the thought that Mr. Soule’s offense must have been quite grave, and yet the court did not inflict as much of a punishment as in the Grailhe and Keene Oases, in which the attorneys were moderately guilty. We infer that this judgment would have been for a longer period in jail, if it had not been that the time was limited under the law to 24 hours.
Act No. 190 of 1894, p. 242, relating to general contempt as defined in the Code of Practice, was declared unconstitutional in the Cooke Contempt Case, 116 La. 726, 41 South. 49.
In 1906 another act was adopted. It is a copy of the act declared unconstitutional. No reference was made in these cited acts to attorneys at law, whose punishment for contempt as relates to imprisonment had always been limited to 24 hours.
Rivoire v. St. Paul, 104 La. 203, 28 South. 973, affords a precedent on a branch of this ease, and relieves us from the necessity of detailing what may be done in enforcing the court’s judgment after the remanding of .a case such as the present.
It is therefore ordered, adjudged, and decreed that relator’s petition be granted to the extent of annulling and setting aside the district court’s judgment committing the relator to jail, and the court is authorized to render a new judgment under the law applying only to attorneys, as stated in the body of our opinion. To the extent expressed, the writ is made peremptory.
MONROE, J., concurs in the decree.