(105 So. 284)

No. 27251.

## STATE v. BAILEY.

### In re BAILEY.

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

Criminal law ☞1081½—Prohibition ☞26— Refusal of continuances upheld, in view of judge's denial of any promise, previous to motion, to grant them.

Certiorari and prohibition to review denial of motion of accused for continuance will be denied, where judge in his return denied truth of averment that he had agreed to grant continuances pending return of relator's leading counsel from business trip, since, in event of difference between court and counsel on questions of fact, recitals of judge prevail.

William Bailey was charged with attempted bribery, and his motion for continuance was denied, and he made application for certiorari and prohibition, pursuant to which rule nisi was issued. Rule recalled, and writs refused.

N. H. Nunez, of St. Bernard, for relator.

L. H. Perez, Dist. Atty., of New Orleans (Neil A. Armstrong, Jr., of Meraux, of counsel), for the state.

ROGERS, J. Relator was charged in two bills of information, filed on April 20, 1925, in the Twenty-Fifth judicial district court for the parish of St. Bernard, with attempting to bribe two officers of said parish. He was arraigned on said charges on May 1, 1925, pleaded not guilty, and was released on bond. The same day, on motion of the district attorney, the cases were fixed for trial—one for Monday, May 11, 1925, and the other for Tuesday, May 12, 1925.

On May 12, 1925, relator filed the present application for writs of certiorari and prohibition. A rule nisi was issued, in obedience to which the district judge and the district attorney have sent up the records in the cases, and have made their returns to the said application.

Relator avers, substantially, that he had retained as his leading counsel a member of the bar of the city of New Orleans; that his said counsel had been suddenly called to Spanish Honduras on important legal and financial matters, although at the time he had accepted the said employment he had no intimation or reason to believe that he would not be able to be present at the trials of relator; that his local attorney was engaged solely to assist in the selection of a jury to try relator, but the actual trial of said causes before the jury was to be conducted by his said leading counsel; that his said leading counsel, accompanied by his local counsel, had an interview with the district judge, on Sunday, May 10, 1925, in which the necessity for the absence of his said leading counsel was explained, and that the said judge had thereupon stated that, under the circumstances, he would grant relator continuances in his said cases, and that, with this understanding, his said leading counsel "sailed on the steamship Comaguaya for Spanish Honduras, Monday morning, May 11, 1925.

Relator further avers that on the day of the trial he filed a written motion for a continuance, "setting forth the facts substantially as hereinabove set forth, and prayed the court to permit said causes to be continued until the return of his leading counsel"; that, notwithstanding said plea and the agreement with the district judge, the district attorney insisted upon proceeding with the trial of said causes, and the judge thereupon ordered the said causes to be fixed for trial for Thursday, May 14, 1925, "and without the aid of relator's leading counsel, and notwithstanding the absence of his leading counsel, who had prepared said causes for trial, and the agreement to continue said causes until the return of relator's counsel, much to the detriment and injury of your relator."

The respondent judge, in his return, denies the truth of the allegation that he had agreed that he would grant relator a continuance, and further shows:

"That he at no time stated that he would grant the defendant a continuance in the above causes, nor that he agreed to such a continuance, and that he only passed judgment on the application for continuance in open court, after hearing both the application of the defendant, and the objection urged by the district attorney, which to him appeared well founded."

It is too well settled to require the citation of authority that, in case of a difference between the court and counsel, the recital of the judge prevails on questions of fact. The same rule is applicable where the difference may arise between the judge and the accused.

We find it strange that, in the affidavits filed in support of the motion for a continuance, no reference whatever is made to the alleged agreement with the district judge. These affidavits are subscribed by relator, by his leading counsel, and by his local counsel. The affidavit of his leading counsel, which is dated May 10, 1925, shows that the motion for a continuance had been prepared by said counsel in advance, because he knew that the district attorney would object to the continuance. Nowhere in this affidavit is it alleged that the district judge had agreed to continue the cases.

For the reasons assigned, the rule nisi herein issued is recalled, and the writs applied for are refused, at relator's cost.