OVERTON, J.
 

 The assistant district attorney for the Fourteenth judicial district filed a rule in behalf of the state against relator to show cause why he should not be punished for contempt of court. The charge against relator is fully disclosed by the first article of the rule, which reads as follows:
 

 “That the said Jim Broxson did, during the week of November 29, 1926, while in attendance at court in the case of State v. Jim Ross, No. 2604 of the criminal docket of this court, and while one AV. W. Forshee was -in attendance at court as a petit juror in said case, approach the said AV. W. Forshee and discuss with the said W. W. Forshee the case above named, stating that he, Broxson, was a witness in the case, and did express sympathy for the defendant in the case with the intention of unlawfully and fraudulently and corruptly influencing said juror in event he was selected as a juror in said case, the said Jim Broxson knowing at the time that the said AV. AV. Forshee was a juror summoned in the case on the regular venire, which had been previously published in the official journal of the parish. That the said action on the part of the said Broxson constitutes a tampering with a juror for the purpose of preventing a fair and impartial trial, and was calculated to induce a verdict contrary to the law and the evidence, and to unlawfully secure an acquittal in the case, he, the said Broxson, being a witness for the defendant in the case.”
 

 After service of the rule on relator it was tried contradictorily with hita, and, at the close of the trial, he was found guilty and sentenced to pay a fine of $50 and to serve 10 days in jail.
 

 Relator then applied to this court for a writ of certiorari to review the proceedings had, and for a writ of prohibition to prohibit the sentence imposed from being executed pending the disposition of the application. A rule nisi was issued upon the application, and the proceedings had are now before us for review.
 

 Relator alleges in his application that he is innocent of the charge; that the allegations contained in the rule, together with the proof, shown by the note of evidence attached to the application, show conclusively that he was not guilty of contempt; that the trial judge exceeded his power in ordering relator confined in jail; and that said judge is illegally, and without due process of law, depriving relator of his liberty and property.
 

 The trial judge, in his answer to the rule, says:
 

 “That the proceedings in this case were regular; that a rule was served on Broxson, giving him full notice of the offense charged; that he was permitted to employ counsel; that he announced ready, when the matter was called; that evidence on behalf of the state and of the defendant was heard; that this evidence showed Broxson was a witness in behalf of Ross, and that Broxson was interested in Ross’ behalf; that the juror approached was a relative by marriage to Ross; that when Broxson approached Forshee, Broxson knew Forshee was a juror; and that with the intention of influencing Forshee, Broxson sympathetically called attention to Ross’ family and expressed his opinion of the Ross case.”
 

 Referring to the note of evidence, attached by relator to his application, the trial judge, in his answer, says that:'
 

 “All of the testimony, duly sworn to, upon which respondent acted, was not reduced to writing.”
 

 The trial court had jurisdiction to try relator for contempt, for all courts possess the inherent power to try and punish, for contempt of their authority. State ex rel. O’Malley v. Judge, 35 La. Ann. 1195. Nor was relator adjudged guilty without due process of law. The
 
 motion for the
 
 rule and the rule itself were served on relator. The motion advised relator clearly of the charges against him. The rule was tried contradictorily with him, and he had full opportunity to offer evidence in his behalf and to present
 
 *97
 
 his case fully to the court, and apparently did so. It, therefore, cannot be said that relator was adjudged guilty in violation of the constitutional guarantee of due process of law. The charge, if proved, was sufficient to call for the conviction of relator, for no court may permit any one to interfere with the administration of justice by seeking to influence those summoned as veniremen to return a verdict for or against either litigant in a case pending, in the event the veniremen approached should be selected to sit in the case. The ultimate facts found by the trial judge, and quoted above from his answer, if supported by the evidence adduced, justify the judgment pronounced against relator. As to whether or not the trial judge correctly found those facts involves an inquiry into the evidence adduced, and such an inquiry will not be made, as has been repeatedly held, on application for writs of certiorari and prohibition. State ex rel. O’Malley v. Judge, 85 La. Ann. 1195; State ex rel. Barthet v. Judge, 40 La. Ann. 434, 4 So. 131; State ex rel. Kiernan v. Judge, 41 La. Ann. 314, 6 So. 539; State ex rel. Phelps v. Judge, 45 La. Ann. 1250, 1265, 14 So. 310, 40 Am. St. Rep. 282; State ex rel. Alverson v. Judge, 105 La. 273, 280, 29 So. 705; Blaise v. Security Brewing Co., 124 La. 979, 50 So. 816; Dugas & Le Blanc, Limited, v. Port Barre Timber & Tie Co., Inc., 144 La. 71, 80 So. 203.
 

 Moreover, even if we should be justified in examining into the correctness of the finding of facts by the trial judge, still, as appears from the return made, all of the evidence upon which the judge acted was not reduced to writing, and hence is not before us.
 

 For these reasons, relator’s application is rejected, and respondent is discharged from the rule that issued herein.
 

 O’NIELL, C. J., dissents because of the facts shown by the note of evidence.