57 So.2d 188

GAUTREAUX v. GAUTREAUX.

No. 40626.

Jan. 14, 1952.

Rehearing Denied Feb. 18, 1952.

Farrell A. Blanchard, Donaldsonville, for plaintiff-relator.

Blum & Marchand, Donaldsonville, for respondent.

McCALEB, Justice.

Certiorari issued herein at the instance of relator, a practicing attorney representing the plaintiff, to ascertain the validity of proceedings had in this cause on December 6th, 1951, which culminated in two judgments holding relator in contempt of court and sentencing him to pay a fine of $100 and serve 24 hours in the parish jail for each offense.

The judgments of contempt have their origin in certain purportedly salacious and offensive allegations made by relator on behalf of plaintiff in this action, in which plaintiff is demanding an absolute divorce founded on the alleged adultery of her husband. The suit is a continuation of a previous action bearing the same title, which was heretofore expunged and dismissed by the respondent judge because the petition contained lewd and libidinous matter employed in connection with a charge therein that the defendant, in addition to the commission of the act of adultery, had also perpetrated a crime against nature with the corespondent. In that case, as here, our supervisory jurisdiction was invoked but the writs were denied, as we felt that the order expunging the petition was proper, in view of the disgusting and unnecessary descriptions portrayed therein.

Thereafter, the instant suit was filed containing substantially the same allegations

but omitting the lewd details and descriptions (other than to state the manner in which the act was performed) respecting the commission of the crime against nature by defendant and the corespondent. On December 6th 1951, more than ten days after defendant had been personally served with citation and a copy of the petition, relator appeared in open court and moved for the entry of a preliminary default judgment, which was denied on the ground that the time allowed by law for the defendant to make an appearance had not elapsed. Simultaneously, the judge issued the following order:

"On October 30, 1951, I ordered expunged from the records of this Court the petition filed by plaintiff herein against defendant herein bearing No. 6799 of the docket of this Court, because of the scurrilous and indecent language contained in said petition.

"On November 21, 1951, less than thirty days after said petition was ordered expunged, which order was affirmed by the Supreme Court, and in brazen defiance of said order, the attorney for plaintiff filed the petition in the present suit, which is almost an exact duplicate of the petition which had been expunged from the records of this Court on October 30, 1951, omitting only a few words from article six of said petition.

"As stated in my order issued October 30, 1951, the language in this petition is so unnecessary and so far beyond the require-

ments of the law in alleging a cause of action that it is difficult for the Court to conceive of a member of the bar resorting to such practice.

"And as I further stated in my order of October 30, 1951, it is the Court's opinion that your sole motive in inserting such indecent language in this petition was intentionally calculated to insult and embarrass the young woman member of this Bar who is representing the defendant herein.

"Also the official stenographer of this Court is a young woman, and you would delight in interrogating witnesses concerning the allegations of article four of this petition for the sole purpose of gratifying an insatiable desire to insult and embarrass both of these young women, but Sir, as long as I am on this bench, no such licentious and sadistic pleadings are going to be filed and permitted to remain part of the records of this Court.

"The law requires attorneys to plead their causes with propriety and decency, and I shall insist and demand that you respect the dignity and authority of this Court and also respect the officers of this Court and the members of this Bar.

"Mr. C. A. Blanchard, I have been very lenient, tolerant, and patient with you, but you seem to have a natural propensity to manifest a contemptuous attitude toward the Court and the members of the Bar.

"It is my opinion that any member of the bar who would descend to such a low level of practice should forfeit his privilege of practicing the honorable profession of the law.

"You were told very plainly on October 30, 1951 that article six of the petition filed in suit number 6799, which was expunged from the records of this Court, contained language which had no place•in any Court and was wholly unnecessary to allege a cause of action, but, notwithstanding the Court's order, you have inserted article four in the petition filed in the present suit, which contains some of the same scurrilous, repulsive, and indecent language.

"In view of the foregoing, the Court construes your conduct a brazen insult to and contempt of this Court.

"For the foregoing reasons, it is ordered that the petition filed herein be expunged from the records of this Court, with the hope that you will file a petition stating a cause of action as alleged in article three of this petition, which is all that is necessary and which will be within the bounds of law and decency."

While the foregoing was being read, relator arose and began arguing with the judge and, notwithstanding remonstrance by the judge, relator did not desist.[1]

1. This is the version given by the judge in his return which we are bound to ac-

cept despite the challenge on the part of relator as to its correctness. See

Whereupon, the judge found him guilty of contempt and sentenced him to pay a fine of $100 and to serve 24 hours in jail. Immediately thereafter, upon the resumption of the reading of the order, relator again arose, threw open his coat in a belligerent attitude, slammed his folder on the desk, cursed the judge and shouted "Come on and take me to jail". Whereupon, the judge ordered the sheriff to prevent relator from leaving the courtroom and again adjudged him guilty of contempt, sentencing him to another fine of $100 and 24 hours more in the parish jail.

In his brief in support of the writ, relator attacks the validity of the proceedings below on divers grounds. However, we find that some of the points raised are repetitious and, further, because of the conclusion we have reached, it has become unnecessary to consider all of his contentions. Hence, we shall discuss only those pertinent to the views we entertain.

Relator initially complains that the judge was wrong in dismissing plaintiff's petition, contending that he had the right to allege such facts as he deemed were necessary for the maintenance of plaintiff's demand, even though those facts involved lascivious or abnormal conduct by defendant. The judge, on the other hand, takes the position that his action in expunging the entire petition is not before us

State v. Ebeier, 154 La. 347, 97 So. 473; State v. Bailey, 159 La. 187, 105 So. 284; State v. Broxson, 163 La. 94, 111

as plaintiff has a remedy by appeal from that judgment and that our inquiry is limited to ascertainment of the validity of the orders of contempt.

■ While it is true that the order expunging plaintiff's petition is an appealable judgment, the record in the case is before us on the writ of certiorari which is broad enough in its scope to include our inquiry into the legality of all proceedings had below and particularly those upon which the judgments of contempt rest. Article 855 of the Code of Practice; State ex rel. Harz v. City of New Orleans, 216 La. 849, 44 So. 2d 889. Under the circumstances, it would not be consonant with justice to require plaintiff to take an appeal when the proceedings under which her suit was dismissed are now before us for scrutiny and decision.

■ An examination of the record has convinced us that the judge erred in expunging plaintiff's petition in its entirety. And, in ruling thus, we do not find it necessary to decide whether the allegations of the petition respecting the commission of a crime against nature by defendant and the corespondent are scurrilous and were inserted for the sole purpose of insulting a young lady lawyer who allegedly represents the defense. Suffice it to say that, if it be assumed that the judge is correct in his resolution that the averments regarding

So. 611 and State ex rel. Parker v. Mouser, 208 La. 1093, 24 So.2d 151.

the crime against nature are legally objectionable, the paragraph containing them (paragraph 4) may be stricken and expunged from the petition without subjecting plaintiff to a summary dismissal of her suit. In the previous case brought by plaintiff, the entire petition was ordered expunged and, due to the uncalled for lascivious statements therein, we saw no reason to disturb the discretion exercised by the judge when the question was presented on an application for writs. However, now that the matter is before us for decision in another suit in which the allegations are not the same, no just basis appears for approval of a judgment expunging the whole petition when a simple order deleting the allegations considered to be scurrilous would have effected a complete cure.

Relator next contends that there was no justification for respondent's action in holding him in contempt as he merely sought to address the court at a time "when the judge was directing the most abusive, vituperative and defamatory remarks at the said attorney, without any warning and while the judge persisted in the abuse".

▮▮▮▮ argument is founded upon relator's statement of the occurrence. But his version cannot be accepted by us as it is in direct contrast with the facts contained in the judge's return, which are binding upon us, State v. Broxson, 163 La. 94, 111 So. 611, and which show that the relator persisted in interrupting respondent despite warning, and that, before the second

sentence was pronounced, relator proceeded to curse him.

▮▮▮ There can be no doubt that relator's conduct, as stated by the judge, was highly contemptuous. This being so, relator's prior castigation by the judge cannot absolve him, even if the caustic abuse had not been based on good cause and even though the utterances were of such a nature as to arouse spontaneous resentment and retaliation. Indeed, we know of no law or authority which recognizes justification as a defense for contempt of court. To the contrary, it was held in State ex rel. Stewart v. Reid, 118 La. 827, 43 So. 455, 458, that evidence that the contemptuous language was justified is inadmissible, the court stating that: "Respect for the judicial office should always be observed and enforced."

▮▮▮ However, we think that the judge erred in finding relator guilty of two contempts as his conduct constituted but a single offense for which the maximum sentence is a fine of $100 and imprisonment not exceeding 24 hours.

Section 17 of Article 19 of the Constitution provides that: "The power of the courts to punish for contempt shall be limited by law." Conformable with this mandate, the Legislature has provided, by Section 124 of the Revised Statutes of 1870, which has been re-enacted as LSA–R.S. 13:4611 of the Revised Statutes of 1950, special punishment for contempts when

committed by attorneys-at-law.[2] It reads: "If any attorney at law is guilty of any contempt towards any court of this state, he may be fined therefor not more than one hundred dollars, or imprisoned for not more than twenty-four hours, or both, at the discretion of the court. If in such cases the offender has been previously convicted of such offense towards the same court, the offender upon any subsequent conviction shall be fined not less than one hundred dollars nor more than two hundred dollars or imprisoned for not more than ten days, or both, at the discretion of the court."

In the case of State ex rel. Parker v. Mouser, 208 La. 1093, 24 So.2d 151, 155, the court had for consideration the interpretation of the above-quoted statutory provision, that is, whether the judge in that matter was correct in giving relator a five day jail sentence where it appeared that the contemptuous remarks " * * * were made on a single occasion and manifested but one feeling of contempt." In holding that the language of the statute did not authorize more than the maximum penalty of 24 hours and $100 fine when the contempt, although uttered more than once, occurred on a single occasion, the court said: "They (the remarks) did not evidence separate and distinct acts of contempt; rather they represented a continuing contemptuous and abusive attitude towards the court during a particular hearing. But one offense was thereby committed, and for it a maximum

imprisonment sentence of twenty-four hours is allowed. State v. Soule, 8 Rob. 500; State ex rel. Schoenhausen v. King, Judge, 47 La..Ann. 701, 17 So. 288; State v. Williams, 131 La. 392, 59 So. 822." (Words in parenthesis ours.)

It is apparent that the ruling in State ex rel. Parker v. Mouser governs the case at bar for, here as there, the contempt arose out of a single proceeding and relator's conduct represented a continuous contemptuous attitude toward the court at that time.

It is therefore decreed that the order of the respondent judge expunging plaintiff's petition in its entirety be and it is annulled and the second judgment and sentence imposed upon relator for contempt is likewise set aside. To this extent, the writ issued herein is made peremptory; otherwise, it is recalled at relator's cost and the application is dismissed. Relator is to be given credit for any time he may have served in the parish jail on the 24 hour contempt sentence first imposed by the judge.

HAWTHORNE and HAMITER, JJ., dissent in part.

LE BLANC, J., takes no part.

HAMITER, Justice (dissenting in part).

Had relator's cursing of the judge occurred prior to the imposition of any contempt sentence it could well be considered a part of a continuing contemptuous attitude

2. See also Article 132, Code of Practice.

which began with the interruptions, just as was held by the majority. But since a contempt penalty for the interruptions had been inflicted previously (an important circumstance by which the Parker case is distinguishable) the cursing constituted, in my opinion, a separate or second offense. See State ex rel. Schoenhausen v. King, 47 La. Ann. 701, 17 So. 288.

I respectfully disagree, therefore, with that part of the decree which sets aside the second sentence.

HAWTHORNE, Justice (dissenting in part).

I am in full accord with the majority of the court in this case except with its finding that only one contempt was committed by the relator Blanchard. I cannot agree, therefore, with that portion of the decree setting aside the second judgment of contempt.

The majority in its opinion having concluded that relator's acts in first interrupting the judge in the reading of the order and again in cursing the judge were both highly contemptuous, I cannot agree with the holding that relator's contemptuous conduct in both instances constituted but a single offense. Nor do I think that the case of State ex rel. Parker v. Mouser, 208 La. 1093, 24 So.2d 151, 155, is decisive of this case. In that case all of the contemptuous acts occurred before sentence had been actually imposed, whereas in the instant case sentence had been imposed and *there-*

*after* relator proceeded to commit the subsequent or second offenses. The language of the Mouser case discloses this distinction, that is: " * * * Here, the several remarks or utterances of relator, all of *which occurred prior to his being sentenced,* were made on a single occasion and manifested but one feeling of contempt. * * *" (Italics mine.)

For these reasons I respectfully dissent in part.

On Application for Rehearing

PER CURIAM.

Both the relator and the respondent judge have applied for a rehearing. In the application of the judge, complaint is made with respect to our ruling that there was but one continuous act of contempt for which a maximum fine of $100 and 24 hours imprisonment could be imposed, it being his position that, since he had already adjudged relator guilty of contempt for interrupting him, the subsequent disrespect directed against him was a separate and distinct offense. He further says that the decision in State ex rel Parker v. Mouser, 208 La. 1093, 24 So.2d 151, relied on in the majority opinion, is distinguishable from the case at bar because a contempt penalty had not been previously imposed by the judge in the Parker case at the time the increased penalty was given.

If the ruling in the Parker case had been predicated upon the fact that the judge

had not previously sentenced the relator for contempt at the time the increased penalty was imposed for a repetition of the contemptuous conduct, the contention advanced by the judge might be substantial. But that is not the rationale of the decision. On the contrary, the ruling in that case is specifically based on a finding that the behaviour of relator did not evidence separate and distinct acts "rather they represented a continuing contemptuous and abusive attitude towards the court during a particular hearing. But one offense was thereby committed * * *."

So, as pointed out in the original opinion. there was, in the case at bar, but one act of contempt of a continuing nature occurring on a single occasion. However, our ruling here is limited to the particular circumstances involved as, indeed, each case must stand or fall in determining whether one or more separate acts of contempt have been committed. We repeat that the criterion is not whether there has been a previous sentence (except that a prior conviction is essential under the statute to the assessment of an increased penalty) but rather whether the subsequent contemptuous act is so interwoven with the previous conduct that it is inseparable therefrom.

We find no merit in either the application of the respondent judge or that of relator. Consequently, the applications for a rehearing are denied.

HAMITER, J., dissents from the refusal to grant the application of the Respondent Judge.

HAWTHORNE, J., dissents, being of the opinion that the application of the respondent judge should be granted.

LE BLANC, J., takes no part.