LE BLANC, Justice.
Writs, with a stay order, were granted in this case to review the rulings of the district judge who held relator in contempt of Court on three different occasions on the same day and in the same proceeding, at intervals of from one to two hours.
The matter was submitted to this Court on the answer of the respondent judge and brief of counsel for relator.
From the certified copy of the proceedings as they took place, and the answer of the district judge, the following appear to be the facts in the matter.
Relator was called as a witness by the State in the above captioned criminal case which was then on trial. Apparently he was an unwilling witness for on being asked to give his name and address, he answered, “Alvin Martin” but added: “I refuse to testify in this trial. I am afraid I might say something to incriminate myself.” He then on instruction from the Court gave his address but on being asked the question, “Were you shot?” refused to answer on the ground of self-incrimination. The Court then ordered him to answer but on his persisting in refusing he was held guilty of contempt and sentenced to serve ten days in the Parish prison and to pay a fine of $100 and serve an additional six months in default of paying the fine.
At the request of his counsel he was taken to prison to immediately begin serving his sentence but in less than two hours he was again called by the State and sworn as a witness and on being asked the same question, “Were you shot?” again refused to answer because he was afraid to incriminate himself. The Court advised him he had no reason to refuse to answer that question but he once more rested on his constitutional right against self-incrimina *43 tion. The Court again adjudged him guilty of contempt and imposed the same sentence it had imposed before, this sentence to be non-concurrent with the first.
At that moment counsel for relator served notice on the Court of his intention to apply to this Court for writs of certiorari, mandamus and prohibition.
Later in the afternoon, and within the next two hours, relator was called for the third time by the State and sworn as a witness and upon being asked the following question’ “State whether or not you had a knife in your hand when you were shot?” he refused to answer pleading his same constitutional right as before. Upon his refusal again to answer after having been instructed to do so by the Court he was adjudged guilty of contempt and the same sentence as those he had received before was imposed on him, this sentence also to be non-concurrent with the others. The Court then stated that by reason of it having been served with written notice of the intention of relator’s counsel to apply for writs to the Supreme Court, execution of the sentence would be stayed until orders from that Court.
On the relator's side, these points are raised: (1) The unjustified denial of his right to plead self-incrimination as a witness, a right guaranteed to him by both the Federal and State Constitutions; (2) The Court had not the right to adjudge him in contempt in three counts arising out of a single cause and (3) The Court could not impose upon him a sentence that was-broader than that allowed by law.
For greater convenience and the sake of’ clarity in discussing and in disposing of the issues presented, we will treat the three-citations for contempt separately and refer to the first as Contempt A, the second as-Contempt B and the third, Contempt C.
.With regard to Contempt A we will have to begin with the premise as laid down in the Constitution and also in the Revised Statutes of this State, that no person shall be compelled to give evidence in any proceeding that may subject him to criminal prosecution. Constitution of 1921, Art. 1, Sec. 11; LSA-R.S. 15:372. The only question we have to consider therefore is whether from the question propounded to him, was the relator justified in claiming immunity as he did?
Certainly it is not to be implied that a witness called in a criminal prosecution can stand on the proposition that he will not testify at all, as the relator evidently thought he could when he first announced his apprehension that he might say something to incriminate himself. The judge before whom he is testifying is the one to determine whether any testimony he would be called on to give might prove to be of an incriminating nature. The district judge therefore was perfectly right in his first instruction to the relator to answer the innocuous question as to his name and address. His attitude may be said to have been contemptuous right at that moment *45 because certainly every competent person ■should be willing, and indeed may be compelled to bear testimony to the end that the •administration of our laws and of justice might be properly conducted by our duly •constituted courts. That is the very reason why courts are given the power to punish witnesses who refuse to testify, for ■contempt.
The particular question which relator refused to answer, invoking his constitutional privilege and the one for which he was actually held in contempt appears to have contained nothing from which to infer the possibility of incrimination. The mere question, “Were you shot?” seems to mean absolutely nothing unless it be connected with some other facts or circumstances which might have involved the relator in the perpetration of some felony or misdemeanor. As far as we know, no such facts or circumstances presented themselves and it appears that the relator’s refusal to answer was to carry out the attitude he assumed from the beginning of not testifying at all. The district judge undoubtedly was correct in holding him in contempt under Contempt A.
There are far different circumstances to consider in reviewing the ruling and the sentence imposed under Contempt B. Here we have to start again on another premise that is laid down in our State Constitution. By terms of Art. XIX, Sec. 17, “The power of the courts to punish for contempt shall be limited by law” and in carrying out that provision, as far as concerns this case, LSA-R.S. 15:12 prescribes that the person who is held in contempt may be fined up to $100 or sentenced to imprisonment for ten days, or both. The question before us is this: Can a witness who refuses once to testify in a given case and is sentenced for contempt, be recalled an hour or two thereafter as a witness in the same case and on his refusal to answer the same question be given another sentence for a second contempt? We do not think the Court has that power in view of the limitation that is placed on it by the Article of the Constitution. If the Court can punish him again within an hour , or two of his first punishment, there would be nothing to prevent it from doing so at much lesser intervals and its power in this respect could become almost, if not entirely, unlimited.
We are of the opinion that the law contemplates that there must be two separate and distinct acts in order to inflict two separate punishments. That apparently is the interpretation given to the law in the prevailing opinion in the recent case of Gautreaux v. Gautreaux, 220 La. 564, 57 So.2d 188, 192, where the Court, in commenting on the previous case of State ex rel. Parker v. Mouser, 208 La. 1093, 24 So.2d 151, stated that “the ruling in that case is specifically based on a finding that the behaviour of relator did not evidence separate and distinct acts ‘rather they repre *47 sented a continuing and contemptuous and abusive attitude towards the court during a particular hearing. But one offense was thereby committed.’ ” That we think is what took place in the present case. There was but one proceeding before the Court and when relator was called as a witness the second time and persisted in his refusal to answer the same question as before, that became but a continuation of his original contemptuous attitude and did not constitute another offense for which could be given another sentence of ten days and $100 fine when the statute fixed that as the maximum penalty in one case.
We do not wish to be understood as holding that a person who has been held guilty of and sentenced for contempt and who serves the sentence imposed on him cannot be punished again if he afterwards repeats the offense. That he can be, we take to be the meaning of some of the language of the Court in the case of State ex rel. Schoenhausen v. King, 47 La.Ann. 701, 17 So. 288. That case involved contempt for violating a court order of injunction against conducting a saloon, but the principles stated relate to contempt proceedings in general. “There was no intention on the part of the lawmaker to draw a distinction between contempts in violation of injunctions and contempts in violating any other order of court.” State ex rel. Heffner v. Judge of First Judicial District, 50 La.Ann. 552-558, 23 So. 478, 480. Pertinent to the thoughts we have expressed. is the following statement in the Schoenhausen case:
“The same theory of dividing the offense into parts might be extended to the hours of the days of opening, treating each hour as a distinct offense and thus sanction an indefinite and prolonged imprisonment, notwithstanding the limitation of ten days in the Code. It was competent, at any time during the period of the opening of the saloon, for the plaintiff in injunction to call on the court to inflict the penalty for contempt. The penalty thus inflicted would doubtless have sufficed, and, if the offense was repeated, the penalty might be again inflicted until the evil was checked.”
The policy of the law in punishing a person for contempt is to impress him with the dignity of the Court and its authority in issuing its orders and seeing that they are carried out, and when he contemptuously violates any of these orders he is given a punishment so that in his more serious and sober moments he may reflect on his conduct and his attitude toward the Court, realize his error and submit himself to its dignity and to the order he was called on to obey. If after this he remains adamant he again becomes amenable for his repetition of the offense. He cannot, however, while he is serving sentence for one offense be cited and sentenced as again being in contempt for that same offense.
*49 We conclude therefore that in this case the district judge improperly imposed the sentence under Contempt B.
What we have said with regard to Contempt B applies with equal force to Contempt C and it is unnecessary to consider and pass on the further contention which concerns the right of the district judge to impose this third sentence after he had been served by counsel for relator with notice of his intention to apply for writs to this Court. It is indicated in the return of the respondent judge that he seems to be dubious of his rights in this respect. We are not called on to determine that particular issue and express no opinion one way or the other.
The third point raised by counsel for relator is that in view of the limitation which is placed on a judge, by the Constitution, to punish for contempt, the alternative sentence in this case of six months imprisonment in default of payment of the fine he imposed exceeded the authority granted to him by the statute, LSA-R.S. 15:12 which prescribes a fine not to ■exceed $100 or imprisonment for ten days, •or both. We are of the opinion, however, that this issue is controlled by another ■statute, LSA-R.S. 15:529.3, which provides that “every person adjudged to pay .a fine, shall, in default of payment or re•covery thereof, be sentenced to be imprisoned for a period not exceeding one year.” Counsel for relator has assigned no valid reason why an exception to the provisions of that statute should be made in cases of a fine imposed in contempt proceedings. To hold that a contempt punishment by fine presents an exception would be tantamount to holding that there is no way of enforcing the penalty which the Court is authorized to impose. The imposition of the punishment by fine would be a vain and futile thing, and the law certainly never contemplated such a situation.
For the reasons assigned it is now ordered that the writs and stay order issued herein be and they are hereby recalled and set aside insofar as they affected the ruling and sentence imposed by the district judge on the original citation for contempt and insofar as they affected the ruling and sentence in the second and third citations for contempt they are hereby made peremptory.
HAMITER, J., concurs in the decree.
HAWTHORNE, J., concurs with written reasons.