(72 South. 904)

No. 22083.

STATE v. CASEY.

(Oct. 16, 1916. On the Merits, Oct. 30, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☜1094—APPEAL—DISMISSAL—DEFECTS IN RECORD.

An appeal in a criminal case will not be dismissed because the bills of exception contained in the transcript were signed after the granting thereof, or because they relate only to questions of fact. Non constat, but that the appellant re-

lies upon some error patent upon the face of the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204; Dec. Dig. ☜1094.]

On the Merits.

2. CRIMINAL LAW ☜1083—APPEAL—RECORD—BILLS OF EXCEPTION.

Bills of exception in a criminal case should be presented to, and signed by, the trial judge before the granting of the appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2732; Dec. Dig. ☜1083.]

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Henry J. Casey was convicted for non-support of his infant child, and appeals. Affirmed.

Loys Charbonnet, of New Orleans, for appellant. A. V. Coco, Atty. Gen., and Chandler C. Luzenberg, Dist. Atty., and A. D. Henriques, Jr., Asst. Dist. Atty., both of New Orleans (V. A. Coco, of Marksville, of counsel), for the State.

MONROE, C. J. The district attorney moves to dismiss this appeal on the grounds: (1) That no bills of exception were signed by the trial judge until after the granting of the appeal; (2) that the bills, as signed, relate only to questions of fact.

[1] The grounds stated are insufficient to call for the dismissal of the appeal. Non constat, but that defendant relies upon some supposed error patent upon the face of the record.

The motion to dismiss is therefore overruled.

On the Merits.

[2] The transcript shows that in October, 1915, defendant was prosecuted under Act 34 of 1902 for neglecting and refusing to provide for the support of his infant child, in destitute circumstances; on November 6th was found guilty and condemned to pay $12 on the 3d and 17th of each month, beginning November 17th; on November 24th, at his instance, the payments required were reduc-

ed to $9; on May 22, 1916, there was judgment on a rule to show cause why the judgment so rendered should not be executed, making the rule absolute and ordering defendant to furnish a bond in the sum of $200 to guarantee future payments; and on May 29th a rule taken by defendant for a further reduction in the amounts to be paid was dismissed; defendant was then ordered to show cause on June 5th why the judgment of November 24th should not be executed, and there was judgment sentencing him to pay a fine of $34 (being the amount due under said judgment of November 24th), "or to serve three months in the parish prison; fine, if paid, to go to wife for support of child." On the trial of the rule defendant offered his own testimony and other evidence with a view of showing that he was unable to pay the arrearage for which he was thus condemned, and, the same having been excluded, on objection by the state, he reserved certain bills of exception; but our attention is called to the fact, that though the present appeal was granted on June 5th, the bills were not presented to, or signed by, the trial judge until June 6th, which, under the rulings of this court and in the absence of circumstances which excuse the delay, was too late. State v. Hauser, 112 La. 313, 36 South. 396; State v. Ruffin, 117 La. 357, 41 South. 647.

We find no error in the judgment appealed from, and it is accordingly affirmed.