O’NIELL, J.
The defendant, appellant, was convicted of abandoning and neglecting to support his wife and minor child in necessitous circumstances, in violation of Act No. 34 of 1902. He was sentenced to pay to his wife and child $50 a month for one year, and was ordered to give a bond with solvent surety for $500 to secure the monthly payments; and, as an alternative sentence, he was condemned to serve a term of one year in jail, in the event of a default in his monthly payments. The $600 to be paid to the wife and child was imposed as a “fine,” in addition to which the defendant was condemned to pay the costs incurred in the prosecution. He filed a motion to have the verdict and sentence annulled and set aside, and to have a new trial, on the grounds and for the reasons (first) that, when he was indicted, there was pending in the same court a suit in which he was demanding a divorce from his wife, on statutory grounds, and (second) that the sentence imposed upon him was not authorized by law.. To the overruling of the motion, defendant reserved a bill of exceptions, in which it is stated by the judge that the divorce suit was pending in the court when appellant was indicted.
Opinion.
The penalty for a violation of Act No. 34 of 1902 is a fine not exceeding $100, or imprisonment for a term not exceeding one year, or both the fine and imprisonment, in the discretion of the court. There is a proviso in the statute that, if a fine be imposed, the court may direct that it be paid in whole or in part to the offended wife, or to the tutor or guardian of the minor child or children, and that the court may order the defendant to pay a certain sum weekly to the. wife for one year, and may require him to furnish bond and security for the payment. It appears that the order to make weekly payments may be rendered before the trial, with defendant’s consent, or may be rendered after conviction, in lieu of the fine or imprisonment. In fact, the statute declares that the order to make weekly payments may even be imposed in addition to the punishment by fine or imprisonment; but that provision of the law is stultified by a provision in the concluding paragraph that, if the defendant violates the order to make weekly payments, the court may forthwith proceed to try him under the original indictment, or to sentence him under the original conviction, as the case may be. Hence the penalty of fine or imprisonment is not to be imposed, if the defendant be ordered to make weekly payments to his wife, unless and until he shall have violated the order to make weekly payments. That, in substance, was the interpretation and ruling in the case of State v. Boettner, 127 La. 253, 53 South. 555, in which case, the husband had sued the wife for separation from bed and board, and it was held that the question of compelling him to pay alimony to- his wife or child did not belong in a criminal prosecution in the juvenile court, but should have been determined in the civil suit for separation.
*295 A proper construction of ttie statute is that, as a means of effecting a reconciliation between the offending and offended party, the judge may, with the consent of the defendant before trial, or without his consent after conviction, but before sentence, order him to pay a certain sum weekly to his wife, or to the tutor or guardian of his child or children, for the term of one year, and may release him on a bond conditioned upon his making the weekly payments. But, if the judge elects to order the defendant to make weekly payments of alimony, the judge cannot impose the penalty of fine or imprisonment unless or until the defendant shall have defaulted in the payments; for the only penalty that can be imposed as an alternative to imprisonment is a fine not exceeding $100. That interpretation of the law is not inconsistent with the ruling in the case of State v. Clark, 143 La. 481, 78 South. 742, cited by the prosecuting attorneys. In the case cited, the trial judge did not impose a penalty of fine or imprisonment, but merely ordered the defendant to make bimonthly payments of $25 for the term of one year, and to furnish bond to secure the payments. Alleging that he was being held in custody until he could furnish the bond and security, and that he was unable to furnish the security, the defendant invoked the supervisory jurisdiction of this court; but the relief was denied because it appeared that the defendant had not exhausted his remedy in the trial court, and because the judge showed in answer to the rule that he had no intention of attempting to enforce the order to give bond for alimony by means of an alternative sentence of imprisonment.
The judgment appealed from is annulled, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.