OVERTON, J.
The relator, Charles Ebeier, was charged in the juvenile court of the parish of Orleans with having violated Act No. 34 of 1902, by neglecting to support his minor children. 1-Ie has addressed a petition to this court, praying for writs of certiorari, prohibition, and mandamus. He alleges in ‘his application that -the case was tried on April 18, 1923; that on the trial he was ordered by tire judge of the juvenile court to pay alimony, amounting to $10 a week, and to furnish bond, guaranteeing the payment of the alimony; that before, during, and after trial, he refused to pay alimony, and requested that he be tried on the charge preferred, and if found guilty that he, be sentenced, as provided by law, so that he could then appeal to the criminal district court for the parish of Orleans; that the judge of the juvenile court, notwithstanding the above request to try relator, and to acquit or convict and sentence him, refused to do so, but instead ordered relator to furnish bond to secure the payment of alimony in the sum of $10 a week, and to be remanded to jail in default of his furnishing the bond or paying the alimony. He alleges that the above order is illegal, and that he is being confined in the parish jail under it. He therefore prays that writs of certiorari, prohibition, and mandamus issue; that the judge of the juvenile court be restrained from proceeding further, on the charge against him, until the final disposition of this application; and after hearing *350 had, in this court, that said illegal order, sending him to jail, in default of his furnishing the bond for alimony or of his paying said alimony, be annulled and set aside, and that the judge of the juvenile cburt be ordered to try relator, and‘to acquit or convict and sentence him, as provided by law.
This court ordered alternative writs of certiorari, prohibition, and mandamus to issue, and ordered relator released from custody, pending the final disposition of this application, on his furnishing bond in such amount as the judge of the juvenile court might fix, in the exercise of his discretion.
The judge of that court, made respondent herein, has filed his return. To some extent the return conflicts with the allegations of fact set forth in relator’s petition. The judge has attached to his answer, as part of his return, the minutes of his court, showing what proceedings were had before him in reference to the charge against relator. From t'he answer and the minutes attached to it, including an amended answer filed, we glean the following facts:
When relator was arrested, the respondent judge released him on parole. Relator was afterwards arraigned and pleaded not guilty. Later, on February 20, 1923, the court, after hearing the evidence, found relator guilty. Instead, however, of sentencing him, the judge ordered him to pay $10 a week alimony for the support of his minor children, and released him on his own recognizance. In the latter part of March, 1923, relator was ruled into court to show cause why he had not paid the alimony, as ordered. After this rule had been continued once, it was dismissed on April 4, 1923; the minute entry showing the cause of dismissal to be that relator promised to pay the alimony. On April 13, 1923, relator was again ruled to show cause why he should not comply with the order of court to pay alimony. On the trial of this rule, the alimony was reduced temporarily from $10 to $5 a week, and relator was ordered to furnish a guaranty bond, with security, in the sum of $300, to guarantee the payment of $80 back alimony, and $220 future; and, in default of furnishing the bond, was remanded to jail. On the same day, counsel for relator appeared and informed the judge of the juvenile court that his client was unwilling to pay alimony, and requested that sentence be,imposed so that an appeal might be taken. The judge expressed a willingness to fine relator, but when told that the appeal would not suspend t'he judgment of court, counsel requested respondent not to impose a fine, but to let' matters rest as they were at the termination of the trial of the last rule mentioned. Later, during the same day, relator served notice on the judge of the juvenile court of his intention to apply to this court for the writs above mentioned. After the alternative writs had issued, the respondent judge, in compliance with the order of this court, released relator on bond.
 In this ease, as we have observed, there is a conflict, with respect to the allegations of fact, between relator’s petition and the return made' by the respondent judge. Under the established jurisprudence of this court, when such a conflict appears, the return of the judge will be accepted as showing the facts as they really exist, at least in the absence of clear proof of error in the return of the judge. State ex rel. Lamarque v. Burthe, Recorder, 39 La. Ann. 328, 1 South. 652. Applying this rule, we find that relator was tried after issue joined, and was found guilty; that instead of imposing sentence then, the judge ordered him to pay alimony, and released him on his own recognizance; that after the judge found that relator had not paid the alimony, he finally, after reducing the alimony temporarily, ordered him to furnish a bond, with security, to secure the payment of the alimony, due and to become *352 due, and remanded him to jail in default of such bond; that relator, through his counsel, requested that sentence be passed and then withdrew the request, and followed its withdrawal with an application to this court for the writs above mentioned.
The statute governing the case is Act 34 of 1902. Under its provisions, when a person is arrested for willfully neglecting t'o support his wife or minor children, in necessitous circumstances, or for deserting either without just cause, the. court may, with the consent of the accused, before trial, order him to pay a certain sum weekly, for the space of one year, and release him from custody, on probation, on his own recognizance, with or without sureties, in such sum as the court may deem proper; the condition of the recognizance to be that, if the one accused “shall make his personal appearance at court whenever ordered to do so within the year, and shall further comply with the terms of the order or of any subsequent modification thereof, then the recognizance shall be void, otherwise of full force and effect.” The court may pursue the same course, after conviction, but before sentence, without the consent of the accused. If the court' should become satisfied, on due proof made, at any time during the year, that the accused has violated the order, the court may try him under the original indictment, if he has not been tried,, or sentence him to pay a fine, or to imprisonment, or both, under the original conviction, if he has been convicted. The court, however, may not send the accused to jail, as a means of forcing him to give bond, but' only after conviction as a penalty for the nonsupport of the wife or minor children, excepting, of course, the right of the court to remand the accused t'o jail in default of his furnishing an appearance bond. Act 34 of 1902, p. 42. See, also, State v. Sonnier, 146 La. 292, 83 South. 577.
In thé case at bar it does not' appear that the relator has been irregularly convicted, that is, without following the forms prescribed by law and the Constitution nor does relator attempt t'o point out any such error, but seems to assume that he has not been tried. As there is a valid conviction, in so far as appears, standing against relator, it is obvious that he is not entitled to an order or writ from us commanding that he be tried again. As relator withdrew his request for sentence, it is obvious that he is not entitled to a writ of mandamus, ordering respondent to impose sentence, at least, until he makes it appear that he has demanded sentence, and that respondent has refused to impose it.
With respect' to the order remanding 'the accused to jail in default of his furnishing the. alimony bond demanded, the order of 'court, in our view, should have contained an additional clause, providing for the release of relator pending sentence, upon his furnishing an appearance bond in a fixed sum. It is true that, under the terms of Act 34 of 1902, the alimony bond is not only for the purpose of securing the payment of the alimony, but' also for the purpose of securing the presence of the accused in court, from time to time, and is, therefore, in a sense, an appearance bond as well as one t'o secure the payment of the alimony; still, there is a marked difference between the two, for one is intended to secure merely the presence of the accused, and the other not only his presence but' the payment of alimony. While we think that relator was, and still is, entitled to be released on an appearance bond, pending sentence, yet we are equally clear that he should have made application to the trial judge to fix such a bond and to release him. As it is, relator has no right' to complain in this court of the alleged illegality of the or-' der remanding him to jail in default of his furnishing an alimony' bond. 'He had, and still has, ample recourse in the court below to have the order amended by providing for *353 his release, pending sentence, on furnishing 'an appearance bond, and should exhaust that recourse before applying to us. We do not regard the order remanding relator illegal as far as it goes.
. For the reasons assigned, it is ordered, adjudged, and decreed that the writs that issued herein be recalled, at relator’s costs, and that his application be dismissed.