O’NIELL, O. J.
 

 The defendant was prosecuted for violating Act 34 of 1902, p. 42, by neglecting to provide for the support of his wife, and pleaded guilty. Instead of imposing a penalty of fine o.r imprisonment, the judge, -availing -himself of the authority given him under the statute, ordered the defendant to pay alimony at the rate of $20 per week. The defendant complied with the order regularly for several weeks, but afterwards paid rather irregularly, so that,' at the end of fourteen months he had made only 22 payments, amounting to $440. Seventeen months after the order was rendered the district attorney obtained a rule on the defendant to show cause why he should not be adjudged guilty of contempt for disobedience of the'order of the cou-rt, and why he should not be punished accordingly. After trial of the rule,
 
 *680
 
 the judge found the defendant guilty of contempt and condemned him “to pay the sum of $620 or stand committed to the parish prison for the period of five months.” The case is before us on writs of certiorari and prohibition.
 

 The penalty provided by the statute is a fine not exceeding $100 or imprisonment in the parish jail for a term not exceeding one year, or both the fine and imprisonment, within those limits, in the discretion of the judge. The statute provides also that the judge may, instead of imposing a penalty, or in addition thereto, order the defendant to pay his wife a certain sum weekly for the period of one year, and may release him from custody on probation, or on his own recognizance, or under bond. The statute provides further that, if the defendant has been ordered to pay a stipulated sum weekly for a year, the judge may,
 
 at any time during the year,
 
 on information and proof that the defendant “has violated the terms of such order,” proceed to try him under the original indictment if he has not been tried, or to sentence him under the original conviction if he has been found guilty, as the case may be. The statute, therefore, authorized the judge, within the year, but not afterwards, to sentence the defendant in this case to pay a fine not exceeding $100 o.r to be imprisoned for a term not exceeding a year, or to pay the fine and be imprisoned; but there was no authority to fine him $620, or to adjudge him guilty of contempt of court, or to punish him for neglecting to comply with the order to pay $20 per week: In State v. Fried, 152 La. 715, 94 So. 327, 329, it was said:, “If the accused declines to pay, he is not punished for disobedience of the order of court, but -is sentenced for his antecedent violation of the provisions of the statute.” In State v. Ebeier, 154 La. 347, 97 So. 473, it was held that the judge could not coerce the defendant to give bond to secure the weekly payments which he was ordered to make, by remanding him to jail for failing to give the bond; and it was said that, in such case, the judge should proceed under the original indictment or information, as directed by the statute.
 

 The alternative writ of prohibition is made absolute, and the conviction and' sentence are annulled.