There was no coverage by the policy for the amount sued for, but only for an amount equal to the premiums paid, and, by no process of reasoning, should the incontestability clause be given the effect of increasing that amount to the full amount of the policy, payable where death occurs, say, in the ordinary course of things. It would be otherwise if the limitation were only for a fixed period, which had elapsed when death occurred, but this, I think, is not the case. Metropolitan Life Insurance Co. v. Conway, 252 N. Y. 449, 169 N. E. 642. I therefore dissent.

ST. PAUL, J., concurs in the above.

173 La. 1094

## STATE v. CAPPO.
### No. 31624.

Supreme Court of Louisiana.

Feb. 1, 1932.

F. A. Middleton, of New Orleans, for relator.

John E. Fleury, Dist. Atty., of New Orleans, for the State.

ODOM, J.

Joseph Cappo was prosecuted under Act No. 34 of 1902 for deserting and willfully neglecting to provide for the support of his wife in destitute and necessitous circumstances. He was convicted as charged, but not then sentenced. Instead of imposing a fine upon him or sentencing him to prison as he might have done, the trial judge directed him to pay to his wife the sum of $10 per week for the space of one year, and the defendant, after entering into a recognizance with surety for the faithful compliance with the orders of the court, was released.

Subsequently, the district attorney, alleging that defendant had not complied with the order of court by making the payments to his wife as directed, ruled him to show cause why he should not be punished for contempt. Upon trial of the rule it was proved, and in fact admitted by defendant, that he had not made the payments as directed.

Whereupon the trial judge sentenced him to pay a fine of $50 and in default to serve six months in the parish jail.

The defendant then applied to this court for a writ of certiorari commanding the Honorable L. Robert Rivardi, judge of the Twenty-Fourth judicial district court for the parish of Jefferson, to send up the record to the end that the validity of said proceeding might be ascertained.

Paragraph 6 of relator's application reads as follows:

"Relator now shows that the Hon. Judge of the 24th Judicial District Court in and for the Parish of Jefferson was without jurisdiction, legal right or authority in law to try or sentence your relator for contempt of Court for the failure of relator to comply with the Order entered in said matter No. 1501 entitled: State of Louisiana v. Jos. Cappo, for the reason that Act 34 of the Acts of the General Assembly for the year 1902 provides the remedy of the State of Louisiana when a defendant fails to comply with an Order entered pursuant to said Act directing weekly payments to be made to a complainant wife, as follows:

" 'If the Court be satisfied by information and due proof, under oath, at any time during the year that defendant has violated the terms of such Order, it may forthwith proceed to the trial of the defendant under the original indictment or sentence him under the original conviction, as the case may be.'

"That the said Act having provided a remedy and procedure in the event of failure to pay weekly payments under the Order entered under said Act, such remedy is exclusive, and the failure of relator to comply with said Order does not constitute contempt of Court.

"If the accused declines to pay, he is not punished for disobedience of the Order of Court, but is sentenced for his antecedent violation of the provisions of the statute."

No fault can be found with this statement of the law. Relator cites in support of it State ex rel. Mioton v. Baker, 112 La. 801, 36 So. 703, and State v. Fried, 152 La. 710, 94 So. 327. He might have cited also State v. Ebeier, 154 La. 347, 97 So. 473, and State v. Walter, 170 La. 677, 129 So. 127.

But as a matter of fact the district judge did not sentence relator for contempt, but on the contrary did precisely what counsel for relator says he should have done; he imposed a fine upon him for his violation of the statute.

When relator was brought to trial under the indictment, he was convicted. But instead of sentencing him, the judge ordered him to pay to his wife a certain sum each week for her support.

Within one year, it was made known to him by due proof that the defendant had "violated the terms of such order," and he proceeded to "sentence him under the original conviction."

This is made clear by the returns and response to the writs made by the judge. From the judge's statement, he followed the letter of the statute and the repeated rulings of this court.

The district attorney ruled the defendant to show cause why he should not be punished for contempt. But the judge did not view it as a contempt proceeding, but merely as a proceeding to establish the fact that defendant had failed to comply with the order of court so that he might "sentence him under the original conviction."

It is therefore ordered that the writs issued herein be recalled and the rule discharged at relator's costs.