**71 So.2d 225**

**STATE v. BELL.**

**No. 41551.**

**Feb. 15, 1954.**

James W. Jones, Jr., Natchitoches, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., Many, Jack E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.

HAMITER, Justice.

The Sabine Parish Grand Jury returned an indictment charging that Ray Bell, on or about June 14, 1953, negligently killed J. D. Scott. Whereupon, such defendant moved in writing for a bill of particulars and also to quash the charge. The State furnished the particulars requested, at which time defense counsel withdrew the motion to quash, they reciting as follows:

"The prosecution against the accused is brought under LSA–R.S. 14:32. The prosecution arises out of an automobile collision between an automobile driven by Ray Bell and an automobile driven by Dennis Webb. The accused, Ray Bell, is alleged to have been driving while intoxicated, at an excessive rate of speed, and on the wrong side of the road. The deceased, J. D. Scott, was a passenger in the Webb automobile and the collision caused his death. The collision occurred on the Many-Pleasant Hill paved and black topped highway between Pleasant Hill and Belmont, in Sabine Parish, Louisiana, on the date alleged in the Bill of Indictment."

A trial by jury followed, it resulting in a verdict of guilty as charged. Motions for a new trial and in arrest of judgment were then tendered and overruled.

Waiving the usual delay, defendant and his counsel requested an immediate sentence. It was so imposed, the court ordering that defendant be confined in the State penitentiary at hard labor for a period of three and one-half years, subject to commutation for good behavior.

Following imposition of the sentence defendant asked for and was granted the instant appeal, pending which his release on bond was authorized.

Later, but during the same day, defense counsel moved the district court to grant a delay and fix a date for the signing and filing of reserved bills of exceptions. This motion was overruled, the judge stated that by reason of the previously entered order of appeal he had been divested of jurisdiction. As authority for his position he relied particularly on State v. McLean, 211

La. 413, 30 So.2d 187 and State v. Roy, 217 La. 1074, 47 So.2d 915.

Complaining of the ruling, and seeking to compel the district judge to sign the reserved bills of exceptions and have them made a part of the transcript of appeal, defense counsel sought remedial writs from this court in an application filed January 18, 1954 and Numbered 41,665. We refused to grant the relief, assigning as the reason therefor that the ruling complained of was correct.

It is apparent, therefore, that the instant appeal, fixed for hearing and submitted on January 22, 1954, does not present any perfected bills of exceptions for our consideration. Furthermore, we find no error patent on the face of the record.

According to LSA–R.S. 15:503, "An error is patent on the face of the record when it is discoverable by the mere inspection of the pleadings and proceedings and without any inspection of the evidence, though such evidence be in the record."

As is disclosed by the pleadings (indictment) herein the offense of negligent homicide, for which this defendant was tried and convicted, was properly charged. The charge is in the simplified form pursuant to LSA–R.S. 15:235. And the proceedings, which are described in detail in the court minutes, appear to have been regular in every respect.

For the reasons assigned the conviction and sentence are affirmed.