78 So.2d 832

**STATE of Louisiana**

**v.**

**Joseph SCOTT and Calvin Scott.**

**No. 42141.**

Feb. 14, 1955.

Rehearing Denied March 21, 1955.

decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."

John D. Nix, New Orleans, for appellants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., New Orleans, for appellee.

PONDER, Justice.

The defendants were convicted in the lower court of the crime of manslaughter and sentenced to serve 15 years in the state penitentiary. They have appealed.

It appears from the minutes of the lower court that the defendants were found guilty of manslaughter by a jury on December 18, 1953. A motion for a new trial was filed on January 18, 1954. On April 5, 1954, the motion for a new trial was submitted and denied by the court and the defendants were sentenced to serve 15 years in the penitentiary. Counsel for the defendants on that date moved for a suspensive appeal which was granted and made returnable to this Court on May 24, 1954. The return day was extended from time to time prior to the hearing of the appeal. During the early part of July, 1954, counsel for the defendants presented to the trial judge certain bills of exception, purported to have been taken during the trial of the case, for the judge's signature, which the judge, on July 12, 1954, refused to sign on the grounds that he had been divested of jurisdiction when the appeal was granted on April 5, 1954.

Counsel for the defendants contends that the trial judge and the district attorney acquiesced in an extension of time in which to perfect the bills of exception. The record shows that the defendants' attorney in the motion for a new trial asked for an extension of time on January 18, 1954 but this motion was not passed on until April 5, 1954 and the minutes show that the motion was denied on that date. It appears from the minutes that counsel waived all legal delays on that date and the defendants were thereupon sentenced. On the same date, counsel moved for and was granted a suspensive appeal to this Court.

It is now well settled in our jurisprudence that bills of exception must be presented to and signed by the judge before the appeal is taken because when the appeal is taken the lower court is divested of jurisdiction. Article 545 of the Code of Criminal Procedure, LSA–R.S. 15:545. State v. Barrett, 137 La. 535, 68 So. 945;

State v. Snowden, 174 La. 156, 140 So. 9;
State v. Carlson, 192 La. 501, 188 So. 155;
State v. Calvin, 209 La. 257, 24 So.2d 467;
State v. Brown, 214 La. 18, 36 So.2d 624;
State v. Roy, 217 La. 1074, 47 So.2d 915;
State v. Woods, 220 La. 162, 55 So.2d 902;
State v. Dartez, 222 La. 9, 62 So.2d 83.

Since there are no errors patent on the face of the record and no valid bills of exception, there is nothing presented for review. State v. Owens, 210 La. 808, 28 So.2d 337.

For the reasons assigned, the conviction and sentence are affirmed.