80 So.2d 863

**STATE of Louisiana**

v.

**Sylvester PARKER.**

No. 42248.

April 25, 1955.

Rehearing Denied May 23, 1955.

William T. Bennett, Clinton, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard Kilbourne, Dist. Atty., Clinton, for appellee.

PONDER, Justice.

The defendant was charged with murder. He was tried, found guilty, and sentenced to death by electrocution. He has appealed.

Counsel for the defendant excepted to the overruling of defendant's motion for a new trial and to the refusal of the trial judge to appoint a lunacy commission. While counsel excepted to the overruling of the motion for a new trial and the refusal of the trial judge to appoint a lunacy commission, he did not perfect and present his bills of exception to the trial judge for his signature until after the order of appeal had been granted in this case. The order of appeal was granted on December 23, 1954 and the bills of exception were not presented to the trial judge until February 1, 1955. It is well settled, as pointed out in a recent case, that the trial judge is powerless to sign bills of exception after an order of appeal has been entered and that such bills of exception are invalid and cannot be considered on appeal. State v. Dartez, 222 La. 9, 62 So.2d 83.

Out of an abundance of precaution, since this is a capital case, we have examined the record and find that the application for the appointment of a lunacy commission was made after conviction and prior to sentence. On the hearing of the application, counsel for the defendant relied solely on the certificate of the coroner of East Baton Rouge Parish, dated December 17, 1954, four days after the defendant was convicted. It is stated in this certificate that the coroner had examined the defendant in the East Baton Rouge Parish jail for sanity and due to the vagueness of some questions, recommended sending him

to the East Louisiana State Hospital for observation to determine his sanity. Counsel for defendant did not produce the coroner as a witness and produced no other witness to support the application. The state produced the sheriff, and three other witnesses, who testified to the effect that the defendant was presently sane. The trial judge states in the record that he observed the defendant during the trial and interrogated the defendant after the application was filed and was of the opinion that the defendant was presently sane. Under such circumstances, we are not in a position to say that the judge was in error or abused the discretion vested in him in refusing to appoint the lunacy commission.

■ The defendant's motion for a new trial is based on the testimony of a witness to the effect that he saw the defendant shortly before the commission of the crime and that the defendant was "crazy drunk." It appears from the record that drunkenness was not urged as a defense on the trial of the case. The motion for a new trial is not in the record but it appears that the motion and the application for the appointment of a lunacy commission were heard in the lower court at the same time and that no witnesses were produced by counsel for the defendant to prove any other allegations purportedly alleged in the motion for a new trial. It would, therefore, appear that there was no error in the ruling of the trial judge denying this motion.

■ Counsel for the defendant has filed in this Court a motion to remand the case to inquire into the sanity of the defendant. Attached to this motion is an affidavit of a physician who has had considerable experience in the field of psychiatry but who has not as yet taken the examination given by the Board of American Psychiatric Association, although he states that he is presently eligible to take the examination. There would be no purpose gained if we remanded the case because the defendant has the right to apply, in the lower court, to have a lunacy commission appointed any time prior to the execution. State v. Allen, 204 La. 513, 15 So.2d 870 and the authorities cited therein. The law is clear that if the defendant is found to be presently insane, he cannot be legally executed. State v. Migues, 194 La. 1081, 195 So. 545 and authorities cited therein.

For the reasons assigned, the conviction and sentence are affirmed.