McCALEB, Justice.
Appellant was convicted of public bribery as denounced by Article 118 of the Criminal Code, R.S. 14:118, and sentenced to pay a fine of $1,000 and serve five years at hard labor in the State Penitentiary.[1] During the proceedings below, appellant reserved two bills of exceptions which were taken to the overruling of a motion for a new trial and a motion in arrest of judgment. On this appeal, he relies solely on these bills for a reversal of his conviction.
The transcript shows that, after sentence was pronounced on January 25, 1955, appellant moved for and was granted an order of appeal to this Court. On March 28, 1955, some 63 days thereafter, his counsel presented to the trial judge the two bills of exceptions reserved to the. overruling of the motions for a new trial and in arrest of judgment. The Judge signed the bills but did not date them nor did he attach a per curiam or a certificate that a per cutiam was not necessary.[2]
The failure of appellant to present-his bills for the judge’s signature prior to the taking of the appeal renders them fatally defective. The perfection of the appeal divested the judge of jurisdiction, save for ministerial matters not in controversy, on appeal (see Article 545 of the Code of Criminal Procedure, R.S. 15:545) and his signature to the bills thereafter obtained could not cure their invalidity. State v. Dartez, 222 La. 9, 62 So.2d 83 and authorities there cited; State v. Scott, 227 La. 198, 78 So.2d 832 and State v. Parker, 227 La. 916, 80 So.2d 863.
Accordingly, since the bills may not be considered and there being no errors patent on the. face of the record, the conviction and sentence are affirmed.

. The judge suspended the imprisonment portion of the sentence and placed appellant on probation.

. See Articles 499 and 504 of the Code of Criminal Procedure, R.S. 15:499, 15.504.