121 So.2d 82

**STATE of Louisiana,**

v.

**Woodrow W. MAY.**

No. 45112.

May 31, 1960.

George R. Blum, Donaldsonville, C. Ory Dupont, Plaquemine, for defendant-relator.

Aubert D. Talbot, Dist. Atty., Napoleonville, for respondent.

McCALEB, Justice.

On October 21, 1959, relator was convicted for the unlawful killing of one Paris Moore. During his trial he reserved five bills of exceptions to certain rulings of the court. The sentencing of relator was delayed until February 18, 1960, at which time he appeared with his counsel who had prepared the five bills of exceptions for the judge's signature, and the minutes of the court show that these bills were ordered filed by the court. Simultaneously, relator's counsel filed motions in arrest of judgment and for a new trial which were overruled by the court and relator was then sentenced to serve five years at hard labor in the State Penitentiary. Immediately following imposition of sentence relator's counsel moved for an appeal, which was granted by the court.

Prior to March 21, 1960, the return day of the appeal, relator's counsel discovered that the five bills of exceptions which had been filed with the Clerk of Court had never been signed by the judge and he thereupon applied here for a writ of mandamus to compel the judge to sign the bills. The writ was granted and the judge was ordered either to sign the bills or show cause in this Court why he should not do so. The judge did not sign the bills but, instead, filed a return in which he declares that the bills were never presented to him for his signature and that it is too late for him to sign them now as he lost jurisdiction of the case when relator was granted an appeal.

Relator's counsel, on the other hand, contends that the bills were tendered to the judge before they were filed and that "the trial judge stated to go ahead and file the same and that he would sign the same and affix his per curiam thereto". The judge emphatically denies having made this statement but admits that the bills were filed with the clerk of court prior to the pronouncement of sentence and further states "No request was made by counsel for defendant for deferment of sentence until the bills of exceptions were presented to me for my signature. In fact, said bills of exceptions have never been presented to me for my signature."

■ It is unfortunate that this controversy respecting the true facts has occurred between the judge and defense counsel. It is well settled that, in such circumstances, we must accept the judge's version of the facts over the statements of counsel, in the absence of a minute entry or other clear evidence to the contrary. See State v. Ebeier, 154 La. 347, 97 So. 473; State v. Bailey, 159 La. 187, 105 So. 284; State v. Broxson, 163 La. 94, 111 So. 611; State ex rel. Parker v. Mouser, 208 La. 1093, 24

So.2d 151 and Gautreaux v. Gautreaux, 220 La. 564, 57 So.2d 188.

■ Since we must conclude that the bills were not presented to the judge for his signature prior to the taking of the appeal, it follows that relator is not entitled to a mandamus to coerce the signing of the bills. See State v. Brown, 214 La. 18, 36 So.2d 624 and the authorities there cited and discussed; State v. Dartez, 222 La. 9, 62 So.2d 83; State v. Scott, 227 La. 198, 78 So.2d 832; State v. Parker, 227 La. 916, 80 So.2d 863 and State v. Perez, 228 La. 796, 84 So.2d 195.

■ However, even if defendant had presented the bills to the judge previous to taking the appeal, the judge would not have been able to perfect them with his signature after defendant's appeal was requested and granted. Article 545 of the Code of Criminal Procedure (R.S. 15:545) provides that after an appeal has been granted " * * * no further action in the case can be taken by the trial judge; * * * *" except that the Court may render interlocutory orders and definitive judgments as to matters of a ministerial nature and not in controversy on appeal. In construing this article in the light of the prior

jurisprudence, this Court held, in State v. Brown, supra, that a per curiam is neither an interlocutory order not a definitive judgment and refused to consider per curiams of the judge which had been annexed to bills of exceptions after the taking of the appeal. Likewise, the signing of bills of exceptions is not the rendering of an interlocutory order or a definitive judgment.

■ In order to preserve his bills of exceptions, a defendant is required to wait until the judge has acted on all of his bills before taking an appeal and, in order to protect a defendant's right of appeal in case the district judge fails to act on the bills of exceptions within the ten days allowed for appeal, the Code of Criminal Procedure has provided in Article 542 (R.S. 15:542) as follows:

" * * * if before the expiration of the last day upon which an order of appeal can be entered the judge has not acted on the bills of exception tendered him, the accused shall be granted an additional delay to appeal of one day for every day after the tenth day the judge fails to act finally upon the bills of exception tendered him for signature."[1]

1. In the recent case of State v. Broussard, 233 La. 866, 98 So.2d 218, it was held on rehearing that a defendant, who was unable to appeal due to the failure of the judge to act on the bills of exceptions which had been presented for his signature, was entitled under R.S. 15:542 to be notified by the judge when the bills are tardily signed in order that he may be afforded the opportunity of perfecting his appeal timely.

Hence, relator should not have asked for an appeal until the judge completed all action on the bills of exceptions for, by appealing prior to that time, he caused the judge to lose the jurisdiction necessary to act on them.

For the foregoing reasons, the alternative writ of mandamus herein issued is recalled and the rule nisi is dismissed.