131 So.2d 55

**STATE of Louisiana**

**v.**

**James C. COOPER.**

**No. 45528.**

May 29, 1961.

Rehearing Denied June 29, 1961.

Benj. W. Miller, Bogalusa, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Woodrow W.

Erwin, Dist. Atty., Franklinton, for appellee.

McCALEB, Justice.

Appellant was convicted for the theft of $6,000 in money, the property of Mrs. Maggie Bellue, and sentenced to one year at hard labor in the State Penitentiary. On this appeal it is contended that the State failed to adduced proof of appellant's intent to deprive Mrs. Bellue permanently of the money he obtained from her—an essential element of theft as defined by Article 67 of the Criminal Code (R.S. 14:-67)—and, consequently, his conviction was unlawful.

This contention may not be considered as it requires an examination of all the evidence taken below (see State v. Gatlin, 241 La. 321, 129 So.2d 4, and cases there cited), which is not properly before us because appellant failed to perfect any bills of exceptions in the case. See State v. McDonald, 218 La. 198, 48 So.2d 797; State v. Dartez, 222 La. 9, 62 So.2d 83; State v. Scott, 227 La. 198, 78 So.2d 832; State v. Perez, 228 La. 796, 84 So.2d 195; State v. Richard, 230 La. 853, 89 So.2d 367 and State v. Bennett, 235 La. 987, 106 So. 2d 443.

Counsel for appellant is apparently under the impression that we should review the evidence taken in the case, which has been included in the transcript, in view of Article 557 of the Code of Criminal Procedure (R.S. 15:557) declaring, in substance, that a new trial shall not be granted in any criminal case by reason of error of any matter of pleading or procedure unless it appears " * * * after an examination of the entire record, * * * " that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of constitutional or statutory rights of the accused. This, however, is a misapprehension because it assumes that the evidence in a criminal case is part of the record, which it is not unless it is appended to and made part of a perfected bill of exceptions. State v. Brown, 236 La. 562, 108 So.2d 233, citing State v. Gaines, 223 La. 711, 66 So. 2d 618 and authorities therein.

As appellant does not claim that there are any defects patent on the face of the record, there appears nothing before us for review.

The conviction and sentence are affirmed.