151 So.2d 371

**STATE of Louisiana**

v.

**Dan E. ROBINSON.**

No. 46452.

March 25, 1963.

William Ray Bradford, Jr., Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., F. Jean Pharis, Dist. Atty., A. M. D'Angelo, First Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

This criminal proceeding is now before us on the state's motion to dismiss the ap-

peal.[1] The basis for the motion is that the bills of exception were neither submitted to the trial judge nor signed before the appeal was perfected.

In 1950, the Grand Jury of Rapides Parish indicted the defendant for murder. The defendant interposed a plea of insanity. The Lunacy Commission, appointed by the court, reported that he was "presently insane." Subsequently, the court committed the defendant to the East Louisiana State Hospital.

On May 22, 1962, the staff of the East Louisiana State Hospital reported to the court that the defendant was "presently sane." The court then appointed two psychiatrists to re-examine the defendant. Upon re-examination, they reported that the defendant was suffering from a mental disorder which rendered him unable to assist in his defense. Thereafter, the court ruled that the defendant was "presently insane" and ordered him to be returned to the hospital.

Through counsel, the defendant filed various motions, which were overruled by the court. Bills of exception were reserved.

On motion of defense counsel, the court granted an order of appeal on July 31, 1962.

Defense counsel presented the bills of exception to the trial judge for signature on November 6, 1962. The judge declined to sign them.

■ The failure of the appellant to present the bills of exception to the trial judge for signature prior to the appeal leaves such bills incomplete and legally ineffective. The appeal divested the trial judge of jurisdiction to perfect the bills thereafter. Since the bills were not perfected, they present nothing for appellate review. LSA-R.S. 15:545; State v. Perez, 228 La. 796, 84 So.2d 195; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Roy, 217 La. 1074, 47 So.2d 915; 12 Louisiana Law Review pp. 181–182.

■ Despite the absence of perfected bills of exception, however, this Court must review the case for errors patent on the face of the record. Hence, the motion to dismiss the appeal is without merit. State v. Picou, 236 La. 421, 107 So.2d 691; State v. Allen, 167 La. 798, 120 So. 372; State v. Casey, 140 La. 143, 72 So. 904.

For the reasons assigned, the motion to dismiss the appeal is overruled.

1. The motion was assigned preliminarily and submitted on briefs in accordance with

Rule VII, Section 1, Rules of the Supreme Court of Louisiana, 8 LSA–R.S.