157 So.2d 461

**STATE of Louisiana**

v.

**Dan E. ROBINSON.**

**No. 46452.**

Nov. 12, 1963.

Wm. Ray Bradford, Jr., Alexandria, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., F. Jean Pharis, Dist. Atty., A. M. D'Angelo, First Asst. Dist. Atty., for plaintiff-appellee.

FOURNET, Chief Justice.

A Lunacy Commission was appointed to examine into the present sanity of the accused, Dan E. Robinson, charged by indictment for the murder of Elnora Dorsey, and after due hearing, was adjudged to be "presently insane" and was ordered to be confined [1] in East Louisiana State Hospital, from which ruling he prosecutes this appeal.

In disposing of a motion by the State of Louisiana to dismiss the appeal [2], we recognized that under the law prevailing in this state [3], the bills of exception reserved by the accused were neither submitted to the trial judge nor signed by him before the appeal was granted, and were therefore legally ineffective; nevertheless, we overruled the motion inasmuch as the accused was entitled to have this Court review the case for errors patent on the face of the record. An examination thereof discloses there are no such errors. [4]

For the reasons assigned, the judgment appealed from is affirmed.

HAWTHORNE, J., concurs in the decree with written reasons.

McCALEB, J., concurs in the decree.

HAWTHORNE, Justice (concurring).

In view of the fact that the accused did not appear through counsel for oral argument of his appeal when fixed for hearing in this court, and did not file a brief, it is presumed that the appeal has been abandoned. State v. Carter, 226 La. 57, 74 So. 2d 902; State v. Brumfield, 226 La. 103, 75 So.2d 23. Since there are no errors patent on the face of the record, I concur in the decree affirming the ruling appealed from.

1. This was the third time he had been confined in East Louisiana State Hospital under similar orders; on the two previous occasions he had been remanded to the parish prison of Rapides Parish for trial as the psychiatric staff of the Hospital had reported that his psychosis was in remission and that he was "able to assist counsel in his defense."

2. State v. Robinson, 244 La. 199, 151 So. 2d 371.
3. State v. Honeycutt, 218 La. 362, 49 So. 2d 610 and cases cited therein.
4. LSA–R.S. 15:503, State v. Pitcher, 236 La. 1, 106 So.2d 695.