For the foregoing reasons, the judgment of the Court of Appeal is affirmed.

159 So.2d 129

**STATE of Louisiana**

v.

**Charles FORD.**

No. 46715.

Dec. 16, 1963.

Rehearing Denied Jan. 20, 1964.

Gordon Goodbee, Covington, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for appellee.

HAMLIN, Justice:

Defendant was charged by Bill of Information with wilfully and unlawfully delivering a central nervous system stimulant, to-wit: one thousand nine hundred (1,900) tablets of amphetamines to one Claire Olsen, a person over the age of twenty-one years.[1] He was tried, found guilty, and sentenced to serve one year in the parish jail.

During the course of trial, defendant reserved a number of bills of exceptions but

---

1. The offense charged is prohibited by the Louisiana Barbiturate and Central Nervous System Stimulant Law, Act 296 of 1952, LSA–R.S. 40:1031–46.

perfected none for the purpose of appeal. He now appeals from his conviction and sentence, alleging the following assignment of errors patent on the face of the record:

"1. Four informations were filed herein under one arrest, and the State of Louisiana should have been ordered to file one information, charging by counts the alleged misdeeds of defendant.

"2. Seven affidavits were filed against the defendant on October 8, 1962, the day of his arrest, and all seven counts should have been incorporated in one information; since the Statute under which defendant has been convicted carries a greater penalty for a second than a first offense, the action of the State of Louisiana has the effect of depriving defendant of due process of law guaranteed him by the Constitution of Louisiana and by Amendment Fourteen to the Constitution of the United States.

"3. Particularly was it error of law not to order the charges consolidated, as it deprives defendant of his constitutional rights under both the Constitutions of Louisiana and the United States to plead former jeopardy.

"4. The Court erred in not allowing the defendant opportunity to examine the deputy sheriffs on the plea of entrapment.

"5. The Court erred in overruling defendant's request for special charges or propositions of law Nos. 1 through 5.

"6. (Tr. p. 28.) Counsel for appellant again asked the Court to bring all seven charges then pending against the appellant in one bill of information by counts, which was refused by the Court, and counsel objected.

"7. It is submitted that John Koch is not an expert witness. (Tr. pp. 30-37.)

"8. (Tr. pp. 46-47.) Miss Claire Olsen's testimony was objected to on the grounds that she was neither a deputy sheriff of St. Tammany nor was she with the Federal Government, Narcotics Division. Counsel for appellant objected; the Court overruled.

"9. (Tr. p. 53.) Miss Olsen identified the bottle containing the capsules marked S 2, and counsel for appellant objected, which objection was overruled. Bill reserved.

"10. At Tr. pp. 55-59, in connection with Miss Olsen's testimony, counsel for appellant-defendant was continually overruled in his efforts to show that Miss Olsen was attempting to induce the defendant to sell her a narcotic drug."

The first three errors assigned are directed to the overruling of a Motion to Quash

filed by defendant. It is defendant's contention that since he has been arrested only once, the four informations and seven affidavits filed against him should be consolidated into one information containing as many counts as might be required by law.

◼ Albeit no bill of exceptions was perfected to the trial court's overruling of defendant's Motion to Quash, this Court may consider the matters urged for error patent on the face of the record. LSA-R.S. 15:-503 and 560; State v. Pridgen, 187 La. 569, 175 So. 63; State v. Varnado, 208 La. 319, 23 So.2d 106; State v. Roth, 224 La. 439, 69 So.2d 741.

◼ The indictment or the information must state every fact and circumstance necessary to constitute the offense, but it need do no more. LSA-R.S. 15:227. The district attorney shall have entire charge and control of every criminal prosecution instituted or pending in any parish wherein he is district attorney, and shall determine whom, when, and how he shall prosecute. LSA-R.S. 15:17. It is elementary that the only crimes in this state are statutory and that every fact that forms an essential element of the crime intended to be charged must be alleged with certainty and precision in the accusation, nothing being left to intendment or conjecture. State v. Toney, 205 La. 451, 17 So.2d 624; State v. Daye, 243 La. 725, 146 So.2d 786. Cf. State v. Franks, 230 La. 465, 89 So.2d 39.

◼ A review of the instant information discloses that the district attorney apprised the defendant of every fact that formed an essential element of the offense charged, nothing being left to inference or conjecture; he did all that he was charged by law to do. We find no authority compelling the district attorney to consolidate informations and affidavits for the convenience of a defendant.

◼ The defendant is premature in his contention that he might be sentenced as a multiple offender. He cannot at this time assert a violation of alleged constitutional rights.

We find no error patent on the face of the record with respect to the first three errors assigned. Defendant's contentions are, therefore, without merit.

◼ In order to determine whether error patent on the face of the record exists with respect to Errors Nos. 4 through 10, a reading of the testimony is necessary. Albeit the entire testimony taken in this prosecution is attached and incorporated in the Motion for a New Trial (which was refused), as previously stated, no bills of exceptions were perfected.

"Counsel for appellant is apparently under the impression that we should review the evidence taken in the case, which has been included in the transcript, in view of Article 557 of the

Code of Criminal Procedure (R.S. 15:-557) declaring, in substance, that a new trial shall not be granted in any criminal case by reason of error of any matter of pleading or procedure unless it appears ' * * * after an examination of the entire record, * * *' that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of constitutional or statutory rights of the accused. This, however, is a misapprehension because it assumes that the evidence in a criminal case is part of the record, which it is not unless it is appended to and made part of a perfected bill of exceptions. State v. Brown, 236 La. 562, 108 So.2d 233, citing State v. Gaines, 223 La. 711, 66 So.2d 618 and authorities therein." State v. Cooper, 241 La. 757, 131 So.2d 55.

"It is indisputable, too, that under our law the only means by which the testimony may be reviewed by this court is to have it attached to a motion for a new trial, (LSA–R.S. 15:505, 516, 520) and a bill of exceptions must be

reserved to the denial of the motion for a new trial. The bill must have attached thereto the motion and evidence relied upon." State v. Bueche, 243 La. 160, 142 So.2d 381.

In view of the above authorities, we are unable to consider Errors Nos. 4 through 10. State v. Pitcher, 236 La. 1, 106 So.2d 695.

Out of an abundance of caution, we have read the record, which, incidentally, includes the caption, a statement of time and place of holding the court, the information with the indorsement, the arraignment, the plea of the accused, the verdict, and the judgment of the court (as set forth in State v. Pitcher, supra), and we find that no error exists on its face.

We conclude, therefore, that all proceedings herein appear regular and that there is no error patent on the face of the record; no bills of exceptions having been perfected, there is nothing further for our review. State v. Bell, 224 La. 858, 71 So.2d 225; State v. Scott, 227 La. 198, 78 So.2d 832.

The conviction and sentence are affirmed.