193 So.2d 775

**STATE of Louisiana**

**v.**

**Kirby WILLIS.**

**No. 48303.**

Jan. 16, 1967.

C. W. Berry, Jr., Oakdale, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Alfred R. Ryder, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was convicted of aggravated battery and sentenced to imprisonment at hard labor for ten years. During the proceedings below he reserved two bills of exceptions, one of which was taken to the overruling of his motion for a continuance. On this appeal he relies solely on this bill for a reversal of his conviction.

The record reveals that after sentence was pronounced on May 6, 1966 appellant moved for and was granted an order of appeal to this Court. On June 9, 1966, over a month after the appeal had been taken, appellant's counsel sought to perfect the two bills of exceptions reserved at the trial by presenting formal bills to the judge for his signature. The judge refused to sign the bills on the ground that they had not been timely perfected and that, since the taking of the appeal, he had lost jurisdiction of the case.

The ruling was correct. The failure of appellant to present his bills for the judge's signature prior to the taking of the appeal renders them fatally defective. Indeed, the granting of the appeal divested the judge of jurisdiction except as to matters ministerial or not in controversy on appeal. See Article 545, Code of Criminal Procedure (R.S. 15:545); State v. Perez, 228 La. 796, 84 So.2d 195 and cases there cited.

In these circumstances, our review is confined to errors patent on the face of the record. State v. Sanford, 248 La. 630, 181 So.2d 50 and the many authorities cited and discussed therein.

We have examined the record (which, under the jurisprudence, includes the caption in the case, a statement of the time and place of holding court, the indictment or information with the endorsement, the arraignment, the plea of the accused, mention of the impanelling of the jury, verdict, and judgment of the court) and fail to discern any error in the proceedings.

The conviction and sentence are affirmed.