FOURNET, Chief Justice.
The defendant, Louis Flanagan, is appealing from his conviction on a charge by indictment with aggravated rape and his sentence to serve life imprisonment in the state penitentiary.
Counsel, both orally and in brief, concedes that no formal bills of exception were timely filed in the case at bar and therefore under the jurisprudence of this court “the appeal is limited solely to errors patent on the face of the record” [1] and to *103 bis knowledge “there are * * * no such errors involved in this proceeding,” and confined his argument solely to this ■court’s refusal of defendant’s application for writs of certiorari and mandamus[2] seeking to have this court order the trial judge to sign the bills of exception and made a part of this appeal that had been lodged here and set for hearing.
According to the record defendant was represented during the trial of the case by two attorneys of his own choice;[3] and his trial was conducted strictly in accordance with the rules and procedure prescribed for the trial of criminal cases by the Legislature of the State of Louisiana in adopting Act No. 310 of 1966, becoming effective January 1, 1967.
Following his conviction and sentence on May 10, 1969, the trial judge granted an appeal on defendant’s written motion filed on May 24, 1968 pursuant to Article 914[4] and set the return date to this court as July 17, 1968 in conformity with Articles 915[5] and 919[6], giving defendant’s counsel until July 1, 1968 for their presentation of the bills of exception relied upon for the reversal of his conviction in conformity with Article 845.[7] The time for presentation of the formal bills to the trial *105 judge for his approval was extended upon the request of counsel for defendant to July 28, 1968 as provided in Article 845, whereupon the trial judge also extended the return day to July 28, 1968 as provided in Articles 919 and 916.[8] Counsel without ■securing an order for further extending the return date of the appeal or time for filing the bills of exception placed some of the bills in the mail on July 30, 1968 to the clerk of court which the trial judge refused to sign when submitted to him for approval on August 2, 1968. The trial judge also refused to sign a motion and order for extension subsequently submitted to him for his approval, whereupon counsel applied to this court for writs of mandamus and certiorari seeking to compel the trial judge to grant defendant additional time within which to prepare and file bills of exception, which was denied by this court on January 20, 1969. We held in a per curiam opinion that the trial judge’s “actions were correct because the extended return date had passed,” and we also pointed out the defendant’s appeal had already been lodged here and was set for hearing on February 28, 1969.
From the foregoing it is obvious that the trial judge was without right or authority to sign the bills of exception when presented to him on August 2 or grant the defendant’s motion for additional time within which to do so, for under the express provisions of Article 916 (reported in footnote S) the trial judge upon entering the order of appeal was divested of all jurisdiction and that of the appellate court attached, except the trial judge was reserved the limited jurisdiction, insofar as pertinent here, to “(1) Extend the return day of the appeal or the time for filing and signing the bills of exceptions and per curiae.” It necessarily follows when July 28, the return date to which the appeal had been extended, expired the trial court lost all jurisdiction; in fact, the record had already been lodged here and set for hearing when the bills of exception were presented to the trial judge on August 2.
Ingenious counsel, relying on the recent decision of the Supreme Court of the United States in the case of Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501, urges that the imputation of the dereliction of duty and ineffectiveness *107 on the part of counsel to the defendant deprives him of his rights guaranteed under the Sixth and Fourteenth Amendments to the Constitution of the United States and, therefore, Article 920 as applied to this defendant is unconstitutional.
Clearly the argument lacks merit. While the Sixth Amendment[9] to the Constitution of the United States does guarantee an accused the right “to have the Assistance of Counsel for his defence,” and the Fourteenth Amendment[10] guarantees the protection from unequal or discriminatory treatment of an accused, it appears in the record that defendant was represented by two able counsel of his own choice who defended him vigorously throughout the eleven day trial in a competent and resourceful manner, reserving 108 bills of exception. Clearly, therefore, counsels’ representation in this case cannot be considered merely perfunctory as held in Bell v. Alabama, 5 Cir., 367 F.2d 243, or a farce or mockery of justice as held in Grove v. Wilson, 9 Cir., 368 F.2d 414. And as above reflected the trial of defendant was conducted strictly in accordance with the law of Louisiana governing the procedure to be followed in all criminal cases.
A perusal of the case of Entsminger v-Iowa, supra, readily discloses it is inapposite from a factual as well as a legal standpoint. Therein the United States Supreme Court observing that the case concerned “the constitutional requirements-which are binding on a State in the administration of its appellate criminal procedures with respect to convicted indigents seeking initial review of their convictions,”' pointed out in the opinion that the Iowa law provided alternate methods of appealing criminal convictions; the first, method is on a “clerk’s transcript” which is. used in absence of a request on the part of counsel for the alternate method being a plenary review of the case wherein the appeal is on the complete record of the trial. Although appointed counsel in that case had. secured an order to perfect a plenary appeal as he had been requested to do by defendant, he failed to file same; hence, the case-was submitted to the appellate court on the. *109 ■“clerk’s transcript” alone instead of the complete record pursuant to the order secured for a plenary appeal. In reversing the decision of the Supreme Court of Iowa the United States Supreme Court very aptly observed, “Such procedure automatically deprived him of a full record, briefs, and arguments on the bare election of his appointed counsel, without providing any notice to him or to the reviewing court that he had chosen not to file the complete record in the case.” (Emphasis added.)
Although counsel conceded that there are no discernable errors appearing on the face of the record, we have, nevertheless, carefully inspected the same and fail to find any.
For the reasons assigned the conviction and sentence are affirmed.

. Code of Criminal Procedure Article 920 provides: “The following matters and no others shall be considered on appeal:
(1) Formal bills of exceptions that have been submitted to and signed by the trial court in accordance with Article 845, whether or not the bills of ex-eeptions were made a ground for a motion for a new trial; and
(2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
*103 Article 844 provides: “A. The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845. In a case where the death sentence has been imposed, the appellate court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge.
V ‡ *1»
See, State v. Robinson, 244 La. 199, 151 So.2d 371; State v. May, 239 La. 1069, 121 So.2d 82; State v. Richard, 230 La. 853, 89 So.2d 367; State v. Ware, 228 La. 713, 84 So.2d 56; State v. Honeycutt, 218 La. 362, 49 So.2d 610; State v. Roy, 217 La. 1074, 47 So.2d 915 and numerous cases cited therein.

. See, State v. Flanagan, 253 La. 318, 217 So.2d 412.

. Since defendant’s conviction and sentence one of his counsel has been released from the case.

.C.C.P. Art. 914 — “A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than fifteen days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court.”

. C.C.P. Art. 915 — “When a motion for an appeal is made in conformity with Articles 912 and 914, the court shall order an appeal, and set the return date in the order. * *

. C.C.P. Art. 919 — “An appeal shall be returnable to the appellate court within not less than fifteen days nor more than sixty days from the date the order of appeal is entered. The trial court may extend a return date.”

. C.C.P. Art. 845 — “The bills of exceptions reserved during the trial shall be submitted to the court and signed by it at any time prior to the granting of an order of appeal; except that if the bills of exceptions are not submitted and signed prior to the order of appeal the court shall fix a later date for the submission and signing of bills of exceptions, which extended date must be not later than the return day for the appeal. The court must sign the formal bills of exceptions, but may attach per curiam comments stating its reason for the rulings. If the court refuses to sign a for *105 mal bill of exceptions, its refusal may be reviewed on a writ of mandamus.”

. Tinder tbe former provisions of LSA— R.S. 15 :546, tbe trial judge bad no right to extend the return date, jurisdiction having vested in this court, but the law-now provides in Article 919, that the trial court may extend a return date and it is further provided in Article 916:
“Tbe jurisdiction of tbe trial court is divested and that of tbe appellate court attaches, «upon tbe entering of the order of appeal. Thereafter, tbe trial court has no jurisdiction over tbe matter except to:
(1) Extend tbe return day of tbe appeal or tbe time for filing and signing bills of exceptions and per curiae; * * * * * ’>

. “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation ; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor and to have the Assistance of Counsel for his defence.”

. “Section 1 — * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. * * * * sf^”