SUMMERS, Justice.
Appellant Homer Washington was charged by bill of information with possession with intent to distribute heroin. He was tried by jury, convicted of attempted possession with intent to distribute and sentenced to serve 214 years at hard labor.
On this appeal, in brief, appellant raises one issue: he contends he was denied the constitutional right to confrontation of the witness against him when the prosecutor referred to confidential informants in his opening statement.
No formal bills of exceptions have been perfected. La.Code Crim.Proc. art. 920(1); State v. Armstrong, 261 La. 717, 260 So.2d 680 (1972). Thus, unless there is error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence, the conviction and sentence must be affirmed. La. Code Crim.Proc. art. 920(2).
Remarks by the prosecution in an opening statement, the propriety of which cannot be determined except by inspection of the evidence, do not form part of the pleadings and proceedings as contemplated in Article 920(2) of the Code of Criminal Procedure. Asserted errors in the opening statement, therefore, cannot be considered on appeal unless objected to at the time and made the subject of a formal bill of exceptions. Compare State v. Palmer, 251 La. 759, 206 So.2d 485 (1968); State v. Willis, 250 La. 33, 193 So.2d 775 (1967); State v. Stanford, 248 La. 630, 181 So.2d 50 (1965); State v. Brown, 236 La. 562, 108 So.2d 233 (1959).
This case was tried, and the return date for the appeal was set, before Act 207 of 1974 amending Article 920 of the Code of Criminal Procedure became effective. Although Act 207 abolished the bill of exceptions as a method of preserving an issue for appellate review, assignments of error were prescribed in lieu thereof. Neither appears in this record.
For the reasons assigned, the conviction and sentence are affirmed.